STATE of Maine

v.

Robert L. IFILL.

Supreme Judicial Court of Maine.

Aug. 7, 1975.

Joseph M. Jabar, Dist. Atty., J. William Batten, Asst. Dist. Atty., Augusta, for plaintiff.

Sanborn, Moreshead, Schade & Dawson by Peter T. Dawson, Augusta, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WERNICK, Justice.

On December 31, 1971 defendant Robert Ifill was a guest at a New Year's Eve Party in Vassalboro, Maine. Also a guest at the party was Cecil Cates, off-duty from his work as a member of the Waterville Police Department. An altercation arose between defendant and Officer Cates during which physical contact between them occurred. Witnesses differed in describing the incident. Some said that defendant with his closed fist had struck Cates on the head; others depicted the contact as an inadvertent "bumping" followed by mutual "shoving."

Defendant was indicted for assault and battery in violation of 17 M.R.S.A. § 201. A Superior Court (Kennebec County) jury found defendant guilty. Defendant appealed from the judgment of conviction entered on the jury's verdict.

### 1

Defendant's first claim on appeal is that the criminal prosecution must fail because the indictment is fatally deficient.

The indictment is as follows:

"That Robert Ifill of Augusta in the County of Kennebec and State of Maine, on or about the thirty-first day of December A.D. 1971, at Vassalboro, in said County of Kennebec, on one Cecil Cates feloniously did make an assault, and him, the said Cecil Cates, then and there felo-niously did strike, beat, bruise, wound and ill treat."

Defendant had filed a timely motion to dismiss the indictment on the ground that the word "feloniously" created uncertainty whether the indictment was charging a felony or a misdemeanor. Defendant asked, alternatively, that should the indictment be held to charge only a simple assault and battery punishable as a misdemeanor, the word "feloniously" be stricken.

The presiding Justice refused to dismiss the indictment, ruling that it failed to charge assault and battery "high and aggravated" but was a valid indictment for simple assault and battery punishable as a misdemeanor. Having thus limited the indictment, the presiding Justice treated the word "feloniously" as harmless surplusage which he declined to strike.

■ The presiding Justice was correct in holding the indictment sufficient to charge only simple assault and battery punishable as a misdemeanor. With the indictment thus confined, the presiding Justice properly regarded the word "feloniously" as harmless surplusage which he had discretion to strike or not as he saw fit.

### 2

In another point of appeal defendant asserts that the presiding Justice committed error during the trial by his treatment of the prosecutor's undertaking to prove that defendant had been previously convicted of crime.

The defendant had taken the witness stand in his own behalf. During cross-examination the prosecutor asked defendant whether he was the same person who had been convicted of assault and battery on January 30, 1964. Defendant answered: "I can't really remember back that far." Thereupon, counsel for defendant, without

assigning reasons, requested that the presiding Justice strike both the question and the answer. Refusing the request, the presiding Justice commented:

"[T]he witness says he can't remember. If he had denied it, the State would be put on proof. The question is proper, . . . ."

The prosecutor resumed cross-examination and asked whether defendant was the same person who was convicted on March 23, 1964 of assaulting a police officer. Defendant replied: "I don't recall that far back."

At this juncture, the presiding Justice ascertained that the prosecutor had nothing further on the matter, and he then delivered a lengthy instruction informing the jury that the "evidence" which had been "admitted"[1] could be used only to affect defendant's credibility.

In his formal charge to the jury the presiding Justice further discussed the subject as follows:

"Now, in this case, it was brought out by the State by questioning the defendant, that he may have been convicted previously of one or two criminal offenses. As I recall it, the defendant did not deny this, but did not recall it. In any event, assuming—and you don't have to assume this—but assuming that you conclude that at some prior time he had been convicted of one or two criminal offenses, the rule is this: Evidence of a defendant's previous conviction of a felony, or a crime not a felony, involving moral turpitude, is to be considered by the jury only insofar as it may affect the credibility of the defendant as a witness, and must never be considered as any evidence of guilt of the particular crime for which the defendant, as here, is on trial."

When the charge to the jury was concluded, defense counsel objected to the presiding Justice's "assuming that there was proof of prior conviction[s]" and telling the jury "that it is to be considered on credibility." The presiding Justice responded to the objection with the comment:

"I intended to give you the break where I said he didn't recall that they don't have to take it into consideration at all.

\* \* \* \* \* \*

"I could have said that he not having denied it, you [the jury] may conclude that there was . . . [a prior conviction of crime]."

Counsel for the defendant then said: "I don't think I would want any curative instruction."

We consider, first, whether counsel for defendant adequately preserved the issue for appellate cognizance.

Although defense counsel did not object at the time of the Court's initial cautionary remarks informing the jury that "evidence" of prior convictions had been

---

1. The exact language of the cautionary instruction was:

"  . . .  it is important for you to know why that evidence was admitte⁓ It was not admitted, and is never to be considered, the fact of any prior conviction, as any evidence whatever that the defendant is guilty of the particular offense charged at this time. . . .

"Now, the reason, and the only reason why this kind of evidence is admissible in court, that is, a record of prior convictions, is for the jury to use it as they see fit on one issue only, and that is the credibility of the witness against whom—against whom the questions were asked about a prior conviction.

"I'll put it this way—as you all know, you have to judge the credibility of every witness who takes the stand. The law says that the witness or party who has been guilty of a prior conviction for an offense, that is only for you to consider, give it what weight, if any, you want to give it when you finally come to determine whether the witness against whom it has been found has a prior conviction is worthy of belief. I will go into that later in general instructions."

"admitted", defense counsel adequately objected to the manner in which the presiding Justice's charge to the jury made the same point. The presiding Justice then had ample opportunity, if he agreed that there had been error, to remedy it by appropriate instructions directed to curing both the cautionary instructions given when defendant was under cross-examination and the final charge to the jury.

Can it fairly be said, however, that the presiding Justice was misled into omitting such curative instructions by defense counsel's statement: "I don't think I would want any curative instruction?"

■ We are satisfied that in the context in which defense counsel made this statement defense counsel neither misled the presiding Justice nor waived his objection. When the presiding Justice responded to counsel's objection with the remark

"I could have said that he not having denied it, you [the jury] may conclude that there was [adequate proof of prior convictions], but I didn't want to do that",

the presiding Justice made plain that he held to the view that he was correct in telling the jury that there was evidence warranting a finding that defendant had previously been convicted of crime. In light of this attitude by the presiding Justice defense counsel was justified in the belief that were he to have the presiding Justice say anything further on the subject to the jury, the presiding Justice would compound, not cure, the error of which counsel was complaining.

We conclude, therefore, that counsel for the defendant had adequately preserved, and did not waive, his claim that the presiding Justice had erred in allowing the jury to believe that evidence had been admitted into the case from which the jury could properly find, in evaluating defendant's credibility, that defendant had previously been convicted of crime.

Such instructions by the presiding Justice were prejudicial error requiring that the judgment of conviction be reversed and opportunity be afforded for a new trial under the instant indictment.

■ The best evidence that defendant had previously been convicted of crime is the documentary record of the conviction. Under a narrow exception to this "best evidence" principle such documentary proof need not be adduced if the defendant admits the prior conviction since, as Wigmore observes,

"[t]hat there is any real risk of reaching an erroneous result by taking the witness' own admission against his credit, extracted on cross-examination, is impossible; there is in such a case no need to insist upon a copy:" 4 Wigmore, Evidence § 1270 (Chadbourn rev. 1972)

If, however, the defendant, does not *admit* the prior conviction but denies it or fails to recall, there is nothing affirmative and definitive coming from the defendant adequate, without " . . . real risk of . . . an erroneous result . . .", to establish the prior conviction as a fact.

■ In *State v. Toppi*, Me., 275 A.2d 805 (1971) this Court cautioned that the questioning of a defendant relative to his prior conviction of crime is permissible only when it will lead to the introduction of proof which shows the conviction in a manner not involving real risk of error. The point was made in *Toppi* in the language:

" . . . the questioner should be prepared to establish the fact of conviction by documentary evidence, in the event a negative answer is received to his question." (p. 812)

We now clarify that the "negative answer" of which *Toppi* was speaking connotes any answer by which the defendant does not admit, affirmatively and unequivocally, the existence of the prior conviction.

■ Here, the only answer given by defendant, the assertion of a lack of recollec-

tion, was a "negative answer" which was not, in itself, any proof of the prior conviction and, therefore, necessitated that documentary evidence of the conviction be presented before it could properly be said that there was evidence before the jury justifying a finding that defendant had previously been convicted of crime. Because this requisite documentary evidence was never forthcoming, the presiding Justice committed prejudicial error in instructing the jury that "evidence" had been "admitted" from which the jury could conclude, as it saw fit, that defendant had previously been convicted of crime.

Since the decision on this point of appeal requires a reversal of the judgment of conviction with opportunity for a new trial under the instant indictment, we need not evaluate another contention raised by defendant, calculated to achieve the same result, that the presiding Justice erroneously instructed the jury on self-defense.

The entry is:

*Appeal sustained.*

POMEROY, J., did not sit.

All Justices concurring.