### STATE of Maine

### v.

### Frank M. CUDDY.

Supreme Judicial Court of Maine.

Dec. 9, 1976.

J. William Batten, Waterville, David W. Crook, Asst. Dist. Attys., Skowhegan, for plaintiff.

Wright & MacMichael, P. A. by James MacMichael, Skowhegan, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

Although appellant and his alleged companion in crime, Allan L. Bagley, a/k/a Allan L. Falloon, were indicted separately

---

* WEATHERBEE, J., sat at argument and participated in consultation, but died prior to preparation of opinion.

for breaking, entering, and larceny (17 M. R.S.A. § 2103 [1]), the trial court, over appellant's strenuous objections, ordered the cases consolidated for trial. A conviction of both defendants ensued.

From a judgment entered upon the jury finding of guilty, appellant has appealed. Earlier, we sustained Bagley's appeal.

We now sustain appellant's appeal.

Appellant bases his appeal, *inter alia,* upon a claim of prejudice which, as he says, resulted from the order consolidating his case with that of Bagley for trial.

The indictment alleged appellant broke into and entered a restaurant in Bingham, Maine, and therein committed larceny. The owner of the restaurant testified that he saw appellant and Bagley leave the restaurant in the early morning hours. He told the jury he followed Cuddy and Bagley and that he came upon them on a nearby street where they had become "stuck on a hill." After the confrontation, the restaurant owner, appellant, and Bagley returned to the restaurant.

■ At trial, appellant, who was represented by counsel, did not testify. Appellant's co-defendant, who was not represented by counsel,[2] did. He testified that neither he nor the appellant had been at the restaurant prior to the encounter on the street with the restaurant owner. When the prosecutor cross-examined Bagley, he was asked:

"Q Now, Mr. Bagley, you are also known by another name, aren't you?

"A Allan Leroy Falloon.

"Q Are you the same Allan Leroy Falloon who pled guilty to the crime of larceny in Augusta in July of 1966?

"A No, I am not.

"Q Well, are you the same Allan Leroy Falloon, who in May of 1970 pled guilty, or was found guilty of the crime of breaking and entering and larceny in Skowhegan?

"A I don't recall it. There was time, yes, but I don't remember the date. Something like 5, 6 years ago.

"Q You don't recall, or you don't recall if you are the same Allan Leroy Falloon?

"THE COURT: He has answered specifically he is not.

"WITNESS: I will answer again, I am not."

The questioning as to claimed prior criminal record was thereupon discontinued. At no time did the State ever offer any evidence that Bagley had in fact been convicted of any crime.

Thus, it is clear that the prosecutor acted improperly. Despite what we said in *State v. Toppi,* Me., 275 A.2d 805 (1971), and later repeated in *State v. Ifill,* Me., 343 A.2d 5, 8 (1975), the prosecutor was not

"prepared to establish the fact of conviction by documentary evidence, in the event a negative answer is [was] received to his question." *State v. Toppi,* supra, at 812.

---

1. Entire chapter 73 containing §§ 2101–13 was repealed by P.L.1975, c. 499, § 11, enacting Title 17–A, the Maine Criminal Code, effective May 1, 1976.

2. The record in *State v. Bagley* reveals that a justice of the Superior Court, after hearing, had determined Bagley was entitled to court-appointed counsel. The justice who presided at the trial apparently did not see such order in Bagley's file, and he was erroneously informed by the Assistant District Attor-

ney that Bagley had been found not to be indigent. Bagley was then ordered to proceed to trial, even though he had no counsel. Bagley's appeal came before this court. The State conceded that the court had acted improperly and that Bagley had not waived his right to counsel. We accordingly sustained his appeal and ordered a new trial. *State v. Bagley,* Som-75-3, Sup.Jud.Ct.Rep. of Dec. # 1276–½ (February 4, 1976) (not published).

Bagley, who was without counsel, made no request for a curative instruction. No curative instruction was given.

During his summation to the jury, the Assistant District Attorney said, as his closing remarks to the jury:

"Consider the fact Mr. Bagley does have a previous record. Consider his credibility. Thank you."

This statement was never corrected, and the presiding justice gave no curative instruction.

Appellant argues that the State's attempt to impeach his co-defendant Bagley by proceeding in a manner incompatible with the suggestions we made in *State v. Toppi*, supra, and *State v. Ifill*, supra, was highly prejudicial. He continues his argument by stating that had his co-defendant been represented by counsel, the "evidence" would have been objected to and excluded by the presiding justice based on the caveat described in *Toppi.* He claims that since the cases were consolidated, the jury may well have considered the lack of credibility resulting from the alleged past criminal record of his co-defendant in determining appellant's own guilt.

In *State v. Wing*, Me., 294 A.2d 418, 420 (1972), we quoted with approval from *United States v. Barber*, 442 F.2d 517, 529 (3rd Cir. 1971), to the effect that:

" 'Generally speaking where several defendants are jointly indicted they *should* be tried together, particularly where the charges against them arise out of joint acts allegedly committed by each in the presence of each other. In such cases, joint trials *are favored* in the interest of conserving judicial economy, avoiding duplicitous, time-consuming and expensive trials, conserving public funds, diminishing inconvenience to witnesses and public authorities, and promptly trying those accused of crime.' " (Emphasis added.)

However, we did not thereby intend to suggest that joinder should *always* be had.

In *State v. Coty*, Me., 229 A.2d 205, 213 (1967), we made it clear that a defendant claiming an order of joinder constituted an abuse of discretion would be required to show that he had been prejudiced thereby.

■ Clearly, prejudice *can* result from joinder. Once joinder has occurred the presiding justice must keep a watchful eye that no undue prejudice creeps upon the scene. *Schaffer v. United States*, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960); 8 J. Moore, *Federal Practice*, § 1404[1].

Though the alleged error in the instant case does not involve the same deficiency as that found in *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) (right of defendant to confront his accuser), many of the same policy considerations are present. As the Supreme Court recognized,

"the practical and human limitations of the jury system [are such that they] cannot be ignored." *Id.*, 391 U.S. at 135, 88 S.Ct. at 1627.

The Court quoted with approval the Comments to Rule 14, F.R.Crim.P.:

"An important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence." *Id.*, 391 U.S. at 130, n. 6, 88 S.Ct. at 1625.

■ While we do not say that the joinder of a trial of a defendant acting pro se with the trial of a defendant represented by counsel is always an abuse of discretion, the case now before us illustrates that such a joinder is fraught with potential prejudice. Appellant chose not to testify; his unrepresented co-defendant did. The prosecutor acted improperly and prejudicially in asking the questions he did respecting prior convictions without observing the caveats described in *Toppi* and *Ifill*, supra. The record is clear the presiding justice was not "particularly sensitive to the possibility of such prejudice." *Schaffer v.*

*United States,* supra, 362 U.S. at 516, 80 S.Ct. at 948.

Not only did the presiding justice fail, sua sponte, to give curative instruction when the prosecutor acted improperly with regard to the alleged prior conviction of appellant's co-defendant, but he allowed the prosecutor to go unadmonished when the prosecutor told the jury in his summation that "Mr. Bagley does have a previous record."

Appellant chose, as a tactical matter, not to testify at his trial. While the mere fact that his co-defendant chose to testify does not create undue prejudice, the errors that accompanied that event clearly do. The State's questions as to the prior record and the Assistant District Attorney's unsubstantiated assertion that Bagley did have a previous record were highly prejudicial. From the jury's verdict it is clear that they did not find the co-defendant's recital of the facts credible. To what extent the verdict was based on the questions propounded by the prosecutor we do not know. The safeguard of a curative instruction by the presiding justice did not exist in this case. As a result we cannot even theorize that the jury, following instructions, founded their verdict on only relevant and competent evidence.

We cannot ignore the high probability for prejudice to the appellant in a situation such as this. It seems unlikely that appellant received the fair trial to which he was entitled.

Under the circumstances we have no alternative but to sustain the appeal and order a new trial.

The entry must be:

Appeal sustained.

New trial ordered.

Case remanded to the Superior Court.

All Justices concurring.

DELAHANTY, J., did not sit.