STATE of Maine

v.

Darrell J. PEASLEE.

Supreme Judicial Court of Maine.

July 25, 1978.

Joseph M. Jabar, Dist. Atty., J. William Batten, Asst. Dist. Atty., Augusta (orally), for plaintiff.

Wathen & Wathen by Malcolm L. Lyons, Augusta (orally), for defendant.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

The appellant, Darrell Peaslee, was indicted for burglary and theft by unauthorized taking. His case was joined for trial with a case against his wife, Susann Peaslee, which arose from the same alleged crimes. Both defendants were found guilty after a jury trial. From judgment entered on the jury verdict, Darrell Peaslee now seasonably appeals.

We deny the appeal.

The jury would have been justified in finding the following facts. On the evening of July 15, 1976 a house in Mount

Vernon, Maine was broken into and various items were taken. Due to the vigilance of a neighbor, however, the theft did not proceed beyond the removing of certain items to the front yard. When the police arrived, after being called by the neighbor, they discovered Susann Peaslee in the woods a short distance from the house. After being read her *Miranda* warnings, Mrs. Peaslee confessed to the burglary and theft, but denied that her husband had been present.

Two other persons in a car were apprehended at roughly the same time as Susann. One of them, Jean Lessard, stated that both Susann and Darrell had been dropped off in front of the house that was broken into. At trial, Ms. Lessard testified that there had been some discussion between the two Peaslees of jacking deer and of breaking into the house. She was not sure, however, what had actually been said or who had said what.

At the trial, an investigating officer testified that Mrs. Peaslee had confessed to him. At voir dire, upon cross examination by Mrs. Peaslee's attorney, the officer stated that he did not believe that portion of Susann Peaslee's confession regarding the fact that appellant had not been present at the burglary. The attorney later elicited the information that this opinion was based on the officer's prior communication with Jean Lessard. When the jury was recalled, the officer merely testified that he did not believe Susann Peaslee's statement. Appellant's attorney objected to this line of questioning both at voir dire and when the case was again before the jury, but the testimony was admitted.

Appellant now raises several issues on appeal. He first contends that the officer's testimony that he did not believe Susann Peaslee's statement was opinion evidence which was not admissible under M.R.Evid. 701. He next argues that he was prejudiced by the admission of the *"incriminating"* statements made by his wife in con-

junction with the officer's testimony that he did not believe her. This testimony, it is alleged, violated appellant's Sixth Amendment right to confrontation in the manner disapproved in *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Appellant also alleges that error resulted from the failure of the justice below to grant a severance on this ground. Finally, appellant challenges the sufficiency of the evidence.

We deny the appeal.

■ We first reach appellant's claim that the officer's testimony concerning his lack of belief in Susann Peaslee's statement was inadmissible. At trial, appellant objected to the statement as irrelevant. The objection was overruled. Appellant now claims, however, that the testimony was inadmissible since it was opinion evidence which did not meet the requirements set out in M.R. Evid. 701.[1]

*Objections to evidence at trial should be stated with such definiteness as to apprise the court of the precise ground upon which they are made; this will facilitate prompt and correct administration of justice. An appellate court will review error on the basis of objections raised at the trial level and will not consider new and different reasons proffered for the first time on appeal to support a contrary ruling. State v. Thibodeau, Me., 317 A.2d 172, 182 (1974).*

Appellant's failure to assert below that the testimony was inadmissible under M.R. Evid. 701, now precludes us from considering this point unless *"obvious error affecting substantial rights"* is involved. M.R. Evid. 103(d); M.R.Crim.P. 52(b).

■ Even assuming that the testimony was inadmissible, however, we cannot conclude that obvious error was committed. The testimony to which objection was made is really nothing more than a statement of the obvious. Without the testimony, the

---

1. M.R.Evid. 701 provides:

    *If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.*

jury would certainly have inferred themselves that the officer did not believe Susann Peaslee's statement. This inference would derive from the fact that the appellant was subsequently arrested. There was, moreover, other evidence sufficient in itself to support appellant's conviction. The effect of the officer's testimony was merely cumulative. No obvious error was committed.

We also disagree with appellant's contention that the admission of both his wife's statement and the officer's testimony that he did not believe the statement violated the rule established by *Bruton v. United States, supra*. *Bruton* held that the admission of a confession of one defendant which inculpated a codefendant denied to that codefendant his constitutional right to confront the witnesses against him. Even a curative instruction, charging the jury to consider such a confession as admissible only against the declarant, was deemed insufficient to protect the nondeclarant codefendant.

The focus of *Bruton*, however, was on *"powerfully incriminating extrajudicial statements of a codefendant." Id.* 391 U.S. at 135, 88 S.Ct. at 1628. (emphasis supplied). Here, the codefendant's statements were not incriminating but were, in fact, exculpatory. Such a statement clearly does not infringe on a defendant's right to confrontation. The officer's testimony, concerning his belief in the statement, moreover, would also appear not to have violated the *Bruton* rule. Such testimony was not a statement of a codefendant. While this kind of testimony can be viewed as related to the codefendant's statement and might create problems affecting the rights of a nondeclarant defendant under some circumstances, we do not view the testimony as a direct violation of *Bruton*.

Appellant's third contention on appeal concerns the trial justice's refusal to order a severance after it became clear that Susann Peaslee's attorney intended to ask the officer whether he believed Mrs. Peaslee's statement. We find that on the facts of this case a severance was not required.

It is well established that when a severance is requested <u>before</u> commencement of a trial, the grant or denial of the motion rests in the sound discretion of the trial court and is reviewable only for abuse. *State v. Coty*, Me., 229 A.2d 205, 214 (1967); *State v. Bobb*, 138 Me. 242, 255, 25 A.2d 229, 236 (1942). Had such a severance been requested initially, it would have been clear that no abuse would have occurred in denying the request since the statements which the State knew it would attempt to introduce exculpated appellant. Once a joint trial commences, however, *"the trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear." Schaffer v. United States*, 362 U.S. 511, 516, 80 S.Ct. 945, 948, 4 L.Ed.2d 921 (1960); *State v. Cuddy*, Me., 366 A.2d 858, 860 (1976).

While the presiding justice in the instant case might well have been justified had he decided to grant a severance, we cannot say here that appellant was actually prejudiced by the refusal to grant such severance. As noted above, the officer's testimony of his lack of belief in Susann Peaslee's statement was merely cumulative and was basically only a statement of the obvious. Appellant has not made a sufficient showing that severance was necessary here.

Appellant's final contention is that the evidence was insufficient to support the verdict. As the foregoing discussion makes clear, we do not agree.

The entry must be:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., did not sit.