STATE of Maine

v.

Angus A. GAUDETTE.

Supreme Judicial Court of Maine.

Argued Nov. 20, 1980.

Decided April 1, 1981.

Michael Povich, Dist. Atty., Gary Greene (orally), Genevieve Stetson, Asst. Dist. Attys., Machias, for plaintiff.

Silsby & Silsby,. Leigh Ingalls (orally), William S. Silsby, Jr., Anthony W. Beardsley, Ellsworth, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and CARTER, JJ.

CARTER, Justice.

The defendant, Angus Gaudette, appeals from his conviction for assault, 17–A M.R.S.A. § 207, following a jury trial in Superior Court, Washington County. We set aside the conviction because the defendant's trial was unfairly tainted by inadmissible testimony.

■ The defendant represented himself at trial, but has retained counsel for this appeal. It is clear from the record that he was not indigent and that he received more than ample warning of the dangers of proceeding without counsel. The defendant made no objections to any of the testimony at trial and submitted no proposed jury instructions. Therefore, our review is limited to determining whether there were "obvious errors affecting substantial rights." M.R.Evid. 103(d), M.R.Crim.P. 52(b). The defendant's *pro se* status does not entitle him to any special consideration in the application of the obvious error rule, and our decision is in no way based on the absence of counsel at trial. *See State v. Furrow*, Me., 424 A.2d 694, 696 (1981); *State v. Ifill*, Me., 266 A.2d 66, 67 (1970).

I.

At trial, the State's first witness was Luther Choate, the victim of the alleged assault. Choate testified that the defendant encountered him on a road in the blueberry fields of Centerville. According to Choate, the defendant pulled him out of his truck, threw him on the ground, and punched him. There were no other witnesses to the incident. Choate also testified that the defendant's motive for attacking him was to retaliate for a prior occasion

when the defendant had a fight with Game Warden Tourtelotte and Choate came to Tourtelotte's assistance.

The defendant stated in his own direct testimony: "I never assaulted Mr. Choate and or anybody else to my knowledge." On cross-examination of the defendant, the prosecutor elicited the facts about the prior incident, attempting to attack the defendant's credibility. The prosecutor then asked:

Q. Isn't it true you hit him first?

The defendant replied:

A. No, Ma'am, it's not true. I proved that in court.

After the defendant had rested, the State called Warden Tourtelotte to the stand as a rebuttal witness and questioned *him* about the earlier incident. That examination revealed, according to testimony of Tourtelotte, that charges of assault had been brought against the defendant in connection with the prior incident and that the defendant had been tried and found not guilty. The prosecutor proceeded to question Tourtelotte as to his understanding of the reasons why the Court found defendant not guilty of the prior charge. That testimony is as follows:

Q. Now, I take it that charges were brought against him?

A. Yes, they were.

Q. *What was the result of that?*

A. *The charge was assault and Mr. Gaudette was found not guilty of assault.*

Q. *Did the judge give an indication as to why?*

A. *She stated that the charge of assault did not fit what Mr. Gaudette done and should have been a lesser charge.*

Q. You mean the pushing?

A. Yes.

Q. *Did she make a specific finding as to whether he had pushed you?*

A. *Yes, she said in the courtroom he had pushed me, but the charge of assault had been too severe for what he had done, it should have been a lesser charge.*
(emphasis added)

On appeal, the defendant argues that all of Tourtelotte's rebuttal testimony was inadmissible and unfairly prejudicial. The State's contention is that Tourtelotte's testimony was admissible to impeach the defendant's credibility and to establish his motive for assaulting Choate. If the issues now raised by defendant on appeal had been properly generated at trial, the admissibility of any of this rebuttal testimony would be seriously in doubt. The issues were not, however, raised at trial by the defendant. He made no objection to any of Tourtelotte's testimony. Under these circumstances, we will not set aside a conviction unless the error was so prejudicial, and had such a strong tendency to produce manifest injustice, that it deprived the defendant of a fair trial. *See State v. Vigue*, Me., 420 A.2d 242, 247 (1980).

We have examined each discrete segment of the challenged testimony and find that, even though there may have been errors under the Maine Rules of Evidence, admission of that testimony without objection does not constitute obvious error under M.R.Evid. 103(d). Thus, the admission of that testimony, even if erroneous, is not ground, on the basis of evidentiary deficiencies, for the reversal of the defendant's conviction. It should be noted that this determination is not influenced by defendant's *pro se* representation. That form of representation was the result of the defendant's deliberate choice and was his constitutional and statutory right. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *State v. Furrow*, Me., 424 A.2d 694 (1981); *Westberry v. State*, Me., 254 A.2d 44 (1969); 4 M.R.S.A. § 860. As previously pointed out, he does not obtain thereby any special consideration in the application of established principles of appellate review.

II.

When, however, the prosecutor deliberately undertook to elicit Tourtelotte's testimony as to what he had supposedly heard the judge say, in the prior proceeding, with respect to her reasons for finding

the defendant not guilty, the situation was markedly different. This action, in our view, constituted the most obvious kind of prosecutorial overreaching. Any prosecutor would have appreciated that such hearsay evidence was not properly admissible.

The only reason for the testimony was to denigrate the significance of what the prosecutor had elicited to be a finding of "not guilty" in favor of the defendant in the previous proceeding. The prosecutor must have well known that such denigration was not permissible because the defendant was entitled to the benefit of the facial determination of "not guilty" in the prior proceeding. The remarks attributed to the judge in the prior proceeding went only to a collateral matter and came into evidence only through Tourtelotte's testimony, which was inadmissible hearsay. M.R.Evid. 802. His testimony in this respect was a statement, attributed to the judge, not made on the witness stand, offered to prove the truth of the judge's assertion that the defendant pushed Tourtelotte and should have been charged with some lesser offense. See M.R. Evid. 801(c). These remarks suggest that despite the verdict of not guilty, the judge believed that the defendant started a fight and was guilty of some wrongdoing.

■ The probability that the jury was improperly influenced by these hearsay statements is overwhelming because the out-of-court declarant was a judge, whose credibility the jury was unlikely to question. This prejudicial effect could not be alleviated simply by informing the jury that the defendant had been acquitted on the prior assault charges. If the jury concluded that the defendant had escaped punishment that he deserved for a prior offense, that conclusion may well have impelled them to convict him, even if they had a reasonable doubt as to his guilt in the case before them. The prejudice resulting from Tourtelotte's testimony is thus demonstrable, palpable, and inexorably fatal to his defense.

■ While it is beyond question that a defendant is permitted no special advantage at trial by deciding to represent himself in a criminal proceeding, he is also not to be considered defenseless against abusive prosecutorial tactics. The defendant did not become "fair game" for the prosecutor simply because he exercised a constitutional right. He was held to the standard of knowledge and competence of the reasonably proficient trial counsel, and if he did not, or could not measure up, he was properly required to bear the consequences of his deficiency of knowledge and experience. He was still entitled, however, to fundamental fairness in the trial process.

We have said that prosecutors "should prosecute with earnestness and vigor." State v. Wyman, Me., 270 A.2d 460, 463 (1970). We have recognized, however, and expect prosecutors to recognize, that:

> While they may strike hard blows, they must refrain from improper and illegitimate tactics solely calculated to produce a conviction. It is just as much their duty to see that the accused has a fair trial as it is to bring about a just conviction of the guilty.

Id.

■ The prosecutor's duty to see that a criminal defendant receives a fair trial includes an obligation to guard against eliciting inadmissible testimony. See State v. Edwards, Me., 412 A.2d 983, 987 n.3 (1980); State v. Thornton, Me., 414 A.2d 229, 235 (1980). Where, as here, a prosecutor undertakes to elicit inadmissible testimony clearly known to be such, neither the trial court nor this court should tolerate the damage done to the foundational premise of fairness that supports the integrity of our system of criminal justice through due process of law. Here there was no purpose for which the jury could properly consider the testimony and nothing was ever done to remedy the unfair prejudice. The prosecutor's deliberate elicitation of evidence that was not only inadmissible hearsay but also irrelevant and highly prejudicial was "prosecutorial overkill." State v. Carmichael, Me., 395 A.2d 826, 828 (1978).

■ The defendant's right to a fair trial entitled him to have the jury consider only relevant and competent evidence bearing on

the issue of his guilt or innocence. *State v. Cuddy*, Me., 366 A.2d 858, 861 (1976). In exercising his constitutional right to represent himself, he did not waive his entitlement to that fundamental element of justice and the prosecutor was not permitted to abandon respect for that entitlement. The trial court has a solemn responsibility to see that this right is respected. We cannot ignore the likelihood that the defendant was denied his right to a fundamentally fair trial because of the improper prosecutorial conduct. This constituted "manifest injustice" in the proceeding below.

Accordingly, the entry must be:

Judgment of conviction vacated.

Remanded to Superior Court for further proceedings consistent with the opinion herein.

All concurring.