**STATE of Maine**

v.

**Claudia SMITH.**

Supreme Judicial Court of Maine.

Argued Jan. 6, 1983.

Decided Feb. 1, 1983.

David M. Cox, Dist. Atty., Margaret Kravchuk, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

John M. Callaway (orally), West Rockport, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

CARTER, Justice.

After a trial in Superior Court (Penobscot County), a jury convicted the defendant of operating under the influence, 29 M.R.S.A. § 1312 (1979). The defendant received a sentence of forty-eight hours in jail and a $500 fine. We affirm.

While driving her car out of a store parking lot, the defendant collided with a rail supporting an awning. Responding to a dispatch call concerning the accident, Brewer Police Officer Leighton followed and eventually stopped the defendant, who was driving slowly and veering from lane to lane.

Both Leighton and Officer Shuman, who arrived subsequently, testified that they smelled the odor of liquor while talking to the defendant, that she had difficulty finding her license and registration and maintaining her balance. Both men formed the opinion that she was under the influence of intoxicating liquor. Leighton arrested the defendant for operating under the influence and took her and her daughter, a passenger in the defendant's car, to the Brewer Police Station.

■ At the station, Leighton read and explained the implied consent form to the defendant.[1] The defendant chose a breath test. According to the officers, Leighton administered the test properly and placed the test kit in the lab depository. The results of the defendant's breath test showed a blood-alcohol level of .25 percent.

After the test, the defendant was unsuccessful in her efforts to obtain bail; the officers took her to the Penobscot County Jail. The Director of Human Services for the City of Brewer, Ms. Boudreau, took control of the defendant's daughter. Ms. Boudreau testified that she heard the defendant's daughter state during a telephone call from the police station that her mother

---

1. The defendant's argument that Leighton also should have given her *Miranda* warnings is incorrect. A breath or blood test does not violate the privilege against self-incrimination. *Schmerber v. California*, 384 U.S. 757, 764–65, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908, 916 (1966). In any event, there was no interrogation and no statements made by the defendant were offered in evidence.

had had five or six drinks and was very tired.

The defendant bases her appeal on six separate arguments. None has merit.

### Discovery

 The defendant contends that she was prejudiced by the State's failure to comply with her motion for discovery, filed *pro se.* The motion requested, among other things, detailed and extensive data concerning the so-called "sober-meter 7" used to administer the defendant's breath test. The motion included requests for information about the SM–7 from the laboratory producing the kit, all arrest and conviction data involving SM–7 and non–SM–7 related cases, and information regarding the training of those administering the test. The State furnished all of the requested information available.

The court correctly denied this motion for the remaining items and reasoned that the State had no access to such information and that it would be an "impossible task" to gather that information. Under Rule 16(b)(2)(A), M.R.Crim.P., a defendant may request discovery of

> (A) Any books, papers, documents, photographs (including motion pictures and video tapes), tangible objects, buildings or places, or copies or portions thereof, which are material to the preparation of the defense or which the attorney for the State intends to use as evidence in chief at the trial or which were obtained from or belong to the defendant.

In addition, these materials must be "within the attorney for the State's possession or control." Rule 16(b)(1).

A defendant is "not entitled to production of objects not within the state's control, nor of evidence neutral in character or not shown to be of assistance to him." Glassman, *Maine Practice,* § 16.3 at 28 (Supp.1975). We have previously noted that "[t]he intendment of [Rule 16] was never to cause attorneys for the State to ferret out material that is equally available (*or unavailable*) to all parties. Rather the function of [Rule 16] was to make available upon motion material within the office of the attorney for the State." *State v. Smith,* 400 A.2d 749, 757 (Me.1979) (quoting *State v. Heald,* 393 A.2d 537, 541 (Me.1978) (emphasis added).

### Other Claims of Error

 The defendant argues that because her due process rights were violated by the procedures used to administer the breath test, the test results were inadmissible. The defendant did not object at trial to the State's introducing in evidence the implied consent form, the SM–7 kit, and the test results certificate. The defendant has not preserved the point for appeal and has not shown that the "unsaved" error deprived her of a fair proceeding. *State v. Doucette,* 398 A.2d 36, 38–39 (Me.1978); M.R.Crim.P., Rule 52(b).

For the same reasons, the defendant may not now be heard to object to, nor do we find as grounds for reversal, the admission of Ms. Boudreau's testimony or the prosecutor's closing argument. *State v. DiPietro,* 420 A.2d 1233, 1235 (Me.1980). Finally, the defendant's failure to challenge, prior to trial, Officer Leighton's probable cause to stop her vehicle was never properly raised. We find no manifest injustice. *State v. Carter,* 412 A.2d 56, 58 n. 2 (Me.1980).

### Sentence

 The defendant contends that her sentence of forty-eight hours in jail and a $500 fine is excessive. At the time of the defendant's offense, the penalty provision of § 1312(10)(A) provided for a fine of not more than $1,000 or imprisonment for not more than 90 days or both. The defendant's sentence is not, therefore, invalid on its face and may not be reviewed on direct appeal. *State v. Blanchard,* 409 A.2d 229, 233 (Me.1979); *State v. Parker,* 372 A.2d 570, 570 (Me.1977).

The entry is

Judgment affirmed.

All concurring.