STATE of Maine

v.

Thomas S. DUNN.

Supreme Judicial Court of Maine.

Argued May 11, 1984.

Decided Sept. 5, 1984.

David W. Crook, Dist. Atty., Pamela J. Ames (orally), Asst. Dist. Atty., Augusta, for plaintiff.

Gerard Poissonnier (orally), Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

Thomas S. Dunn appeals from his conviction resulting from a jury trial in the Superior Court (Kennebec County) of operating a motor vehicle under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312–B (Supp.1983–1984). He assigns as error the admission in evidence of his refusal to submit to a blood-alcohol test, the admission of testimony regarding the search and seizure of his automobile, the jury instructions, and the prosecutor's closing argument. The defendant also argues that the evidence was insufficient to sustain his conviction. We affirm the judgment.

From the evidence adduced at trial, the jury would have been warranted in finding the following facts. While on cruiser patrol driving southbound on Route 100–A in Winslow at approximately 12:10 a.m. on July 8, 1982, Officer Gary Bennett of the Winslow Police Department observed a northbound vehicle that did not dim its bright headlights. Officer Bennett flashed his high beams, but the lights of the approaching vehicle still were not dimmed. As the vehicles passed each other, the northbound automobile was over to the far right of the road. Using his rear view mirror, Officer Bennett continued to watch the car and saw it weave over the center line several times. After turning his police cruiser around, Officer Bennett followed the automobile for approximately four tenths of a mile. He observed the vehicle weave over the center line three or four more times before he eventually stopped the defendant.

As the defendant got out of his automobile, he fell back against the door jamb. He could not produce either his driver's license or the motor vehicle registration as requested. Officer Bennett noticed that the defendant's eyes were bloodshot, his balance impaired, and his speech slurred

and accented by long pauses. The defendant was unable to perform a field sobriety test. Officer Bennett arrested the defendant for operating under the influence.

Once in the police cruiser, Officer Bennett read an implied consent form to the defendant. The officer explained that the defendant had a duty to submit to either a breath or blood test to determine his blood-alcohol level and that his failure to submit to either test would be used as evidence against him if he should be tried for operating under the influence of intoxicating liquor.[1] The defendant nonetheless refused to take either a breath or a blood test. He was then informed of, and waived, his *Miranda* rights. When asked how much he had to drink, the defendant replied, "Three, four, five, six, seven beers." Officer Bennett then proceeded to the Winslow police station with the defendant.

■ The defendant elected to proceed *pro se* at trial. We do not accord the defendant any special consideration because of his *pro se* status. *State v. Gaudette*, 431 A.2d 31, 32 (Me.1981); *State v. Furrow*, 424 A.2d 694, 696 (Me.1981). He did not object to any of the evidence or to the prosecutor's closing argument nor did the defendant propose any jury instructions. We thus limit our review to a determination whether there were "obvious errors affecting substantial rights." M.R. Evid. 103(d); M.R.Crim.P. 52(b).

The defendant first asserts that the introduction of his refusal to submit to a breath or blood test violated his right against self-incrimination guaranteed by Art. I, § 6 of the Maine Constitution. Me. Const. art. I, § 6 provides in pertinent part that an accused in all criminal prosecutions "shall not be compelled to furnish or give evidence against himself ...." The United States Supreme Court in *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), recently upheld a stat-

ute permitting the refusal of a blood-alcohol test to be introduced as evidence at trial against a claim that it infringed the federal constitution's fifth amendment right against self-incrimination. We, however, have never had occasion to pass on the question whether the Maine Constitution proscribes use of the refusal at trial as evidence of whether the defendant was under the influence of intoxicating liquor.

■ Because of the procedural posture of the present case, we deem it inappropriate to decide the issue at this time. The defendant neither filed a motion to suppress the refusal to submit to a blood-alcohol test nor objected at trial to its introduction into evidence. Where an error, although of constitutional dimension, is unpreserved, the judgment of conviction will be reversed only if the conviction was produced by a fundamentally unfair trial. *State v. Pomerleau*, 363 A.2d 692, 697 (Me.1976). On this record, the defendant has not demonstrated that the alleged error deprived him of a fair trial and we find no basis for reversal. *See State v. Smith*, 455 A.2d 428, 430 (Me.1983); *State v. Doucette*, 398 A.2d 36, 38–39 (Me.1978); M.R.Crim.P. 52(b).

■ Similarly, we do not find the admission of testimony of the search and seizure of the defendant's motor vehicle a sufficient basis for vacating the conviction. No objection was presented to the trial court and we are not persuaded that the unpreserved error rises to the level of obvious error that affected the defendant's substantial rights. *See Id.*

■ The defendant's remaining arguments are also without merit. First, the defendant argues that he was prejudiced by the assistant district attorney's comments during closing argument on the allegedly unconstitutional search and seizure of the defendant's automobile. Because

---

1. 29 M.R.S.A. § 1312(8) (Supp.1983–1984) provides in pertinent part:

the failure of a person to comply with the duty required by this section to submit to a blood-alcohol test shall be admissible in evidence on the issue of whether that person was under the influence of intoxicating liquor.

we have found no error in the admission of the evidence regarding the search and seizure, we find no prosecutorial misconduct. *Cf. State v. Nile*, 380 A.2d 214, 215 (Me. 1977) (failure to grant mistrial because prosecutor commented on allegedly inadmissible evidence was not error). Second, we find no basis for vacating the conviction in the jury instructions regarding the effect of the defendant's refusal to submit to a blood or breath test. No objection was presented to the trial court and we are not persuaded that the error, if any, affected the defendant's substantial rights. *See State v. Smith*, 455 A.2d at 430; *State v. Doucette*, 398 A.2d at 38, 39; M.R.Crim.P. 52(b). Finally, examined in the light most favorable to the State, the evidence was sufficient to sustain the defendant's conviction of driving under the influence of intoxicating liquor. *See State v. Atkinson*, 458 A.2d 1200, 1205 (Me.1983); *State v. Joy*, 452 A.2d 408, 412 (Me.1982).

The entry is:

Judgment affirmed.