STATE of Maine

v.

Michael NASON.

Supreme Judicial Court of Maine.

Argued Sept. 22, 1988.
Decided Oct. 31, 1988.

R. Christopher Almy, Dist. Atty., Philip C. Worden (orally), Asst. Dist. Atty., Bangor, for plaintiff.

---

Marshall T. Carey (orally), Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

Defendant Michael Nason appeals from a judgment of the Superior Court, Penobscot County (Silsby, J.) entered on the jury's verdict finding him guilty of unlawful trafficking in cocaine, a Class B crime, and marijuana, a Class D crime. *See* 17-A M.R.S.A. § 1103 (1983). The issues on appeal are whether the evidence is sufficient to support the jury's verdict; whether the Superior Court abused its discretion in permitting the State's witness to testify as an expert; whether the Superior Court's refusal to allow the Defendant's brother (claiming Fifth Amendment privilege) to testify as a witness on his behalf deprived him of his Constitutional right to a fair trial; and whether the Superior Court's instructions to the jury on trafficking constitute obvious error. We find that the second and third issues are without merit and thus do not warrant discussion here. We conclude that the evidence is sufficient to support the jury's verdict, and that the presiding justice adequately instructed the jury on trafficking in cocaine. We are, however, evenly divided on the question whether the Superior Court's instructions on trafficking in marijuana constitute obvious error.

The Bangor Police Department began surveillance of the defendant's residence in June 1983. Over an eleven day period the police observed 171 different individuals arrive at the residence, 116 of whom went inside. They observed visitors entering the residence with cash in their hands and visitors leaving the residence carrying paper bags. On one Friday evening, the police observed thirty-five individuals arrive at the house and stay an average of eight to ten minutes; on the following Friday, they observed twenty-six individuals arrive and stay an average of eight to ten minutes. On another occasion the police overheard the defendant say to two women, "tell me what you want and I can get it."

On July 8, 1983, the police executed a search warrant. As a result of the search the police found 27.6 grams of 60% pure cocaine, a set of scales, three white lines of powder later found to contain cocaine, a razor blade, a spoon with white residue on it later found to be cocaine, baggies, cornstarch, trash bags, $1,700 in cash, marijuana, and marijuana residue.

The defendant was arrested and charged with two counts of unlawful trafficking in scheduled drugs in violation of 17-A M.R.S.A. § 1103. After trial, the jury returned a guilty verdict on both counts. The defendant raises the issues outlined above in his appeal to this court.

I.

■ The defendant challenges the sufficiency of the evidence to support the verdict. Our review of the entire record in the light most favorable to the State discloses that the factfinder rationally could find beyond a reasonable doubt every element of the offenses charged. *State v. Barry*, 495 A.2d 825, 826 (Me.1985). *See also State v. Nason*, 498 A.2d 252 (Me.1985) (finding the same evidence sufficient to convict the wife of the defendant in the present case of trafficking in cocaine based on her participation as an accomplice).

II.

■ The defendant argues that the presiding justice's instructions to the jury were so confusing and misleading as to constitute reversible error. Because the defendant failed to raise the alleged error below, we must review the instructions under the obvious error standard of M.R. Crim.P. 52(b). *State v. Day*, 538 A.2d 1166, 1168 (Me.1988).

The defendant contends that the instructions with respect to Count I were so misleading and confusing as to constitute obvious error because the presiding justice failed to define "traffick," "furnish," "consideration," and "possess." We find no merit in the defendant's claim. The court adequately defined "traffick" as "to sell,

barter, exchange, or to possess with the intent to do any of these things." *See* 17-A M.R.S.A. § 1101(17)(C), (D). With respect to the other terms, the jury could determine their meanings by common sense.

The entire court agrees that the instructions with respect to Count I were free of reversible error. The court, however, is evenly divided on the question whether obvious error occurred in the instructions with respect to Count II.

The entry is:

JUDGMENTS AFFIRMED.

All concurring.