**STATE of Maine**

v.

**Bruce CREEGER.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 7, 1990.

Decided July 6, 1990.

---

Mary Tousignant, Dist. Atty., Anne Jordan, Asst. Dist. Atty., Alfred, for plaintiff.

Craig Gardner, Brunelle & Gardner, Saco, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

CLIFFORD, Justice.

Defendant Bruce Creeger appeals from his convictions of burglary, 17–A M.R.S.A. § 401 (1983 & Supp.1989), and assault, *id.* § 207, following a jury trial in Superior Court (York County, *Brodrick, J.*). Creeger contends that the court abused its discretion in denying his motion for a new trial based on the court's refusal to sever his trial from that of his co-defendant, Chester Cook, and the court's allowing into evidence a statement of Cook, who did not testify at trial, made during the commission of the crimes. We discern no error in the court's evidentiary ruling and no abuse of discretion in the denial of the motions to sever and for a new trial, and affirm the convictions.

On the evening of October 30, 1988, James Gregoire was awakened by two intruders who entered his Biddeford home looking for his roommate. When Gregoire was unable to provide them with the information they demanded, he was beaten. Although Gregoire identified both of his assailants at trial, in his initial statement to police he identified only Chester Cook by name and described Creeger as the same individual he had seen outside his home earlier that day or the previous one. He told police that during the course of the altercation Cook had addressed that individual as "Bruce." [1] The pair left Gregoire's home and he watched them depart in the same light gray Oldsmobile that Gregoire had seen Bruce driving earlier.

Creeger contends that Cook's statement to the second assailant, introduced through the testimony of Gregoire, implicated him in the crime and that his inability to cross-examine Cook, who chose not to testify, caused unfair prejudice that required the court to order a severance under the rule of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). [2] Defendants in a criminal case may

---

**1.** Gregoire testified that during the course of the altercation Cook said, "Bruce, ... make sure the phones are broken up!"

**2.** Creeger also argues for the first time on appeal that Gregoire's testimony concerning Cook's statement was inadmissible as hearsay. M.R.Evid. 801(d)(2)(E) provides that a state- ment by a co-conspirator made "during the course and in furtherance of the conspiracy" is an admission outside the scope of the definition of a hearsay statement. The exception, founded partly on principles of agency law, is applicable when a joint undertaking exists at the time the statement is made, irrespective of whether the crime of conspiracy has been charged or could

be tried together on charges that arise from joint acts allegedly committed by each while in the presence of the other. *State v. Rich*, 395 A.2d 1123, 1127–28 (Me.1978); M.R.Crim.P. 8(b).[3] "[J]oint trials are generally favored in the interest of conserving judicial resources, avoiding duplicative trials, minimizing the public expenditure of funds and promptly bringing the accused to trial." *State v. Anderson*, 409 A.2d 1290, 1297 (Me.1979); *accord State v. Wing*, 294 A.2d 418, 420 (Me.1972) (citing *United States v. Barber*, 442 F.2d 517, 529 (3d Cir.), *cert. denied*, 404 U.S. 958, 92 S.Ct. 327, 30 L.Ed.2d 275 (1971)). Such trials may be severed upon a showing that the defendants' constitutional rights will be prejudiced. *Bruton*, 391 U.S. at 126, 88 S.Ct. at 1622; *State v. Rowe*, 480 A.2d 778, 780 & n. 4 (Me.1984); M.R.Crim.P. 8(d).[4]

■ Under *Bruton* severance is required only when a non-testifying co-defendant confesses to or makes admissions concerning prior criminal conduct or the intent to commit a crime and the confession or admission inculpates the defendant. *Bruton*, 391 U.S. at 126, 88 S.Ct. at 1622; *State v. Bleyl*, 435 A.2d 1349, 1362–64 (Me.1981); *State v. Peaslee*, 388 A.2d 910, 911 (Me. 1978); *State v. Elwell*, 380 A.2d 1016, 1020–22 (Me.1977). We find no support for and are unpersuaded by Creeger's contention that the introduction of a statement

made by one perpetrator to another during and in furtherance of the commission of a crime is violative of the letter or spirit of that rule. *See Bruton*, 391 U.S. at 126, 88 S.Ct. at 1622; *cf. Elwell*, 380 A.2d at 1020–22; *Peaslee*, 388 A.2d at 912. The rationale for requiring severance, namely, the ineffectiveness of a limiting instruction to disregard the inherently unreliable yet "powerfully incriminating extrajudicial statements of a co-defendant," is simply not implicated on these facts. *Bruton*, 391 U.S. at 135–36, 88 S.Ct. at 1627–28. There being no error in the court's evidentiary ruling, *United States v. Trowery*, 542 F.2d 623, 627 (3d Cir.1976) (per curiam), *cert. denied*, 429 U.S. 1104, 97 S.Ct. 1132, 51 L.Ed.2d 555 (1977), and no abuse of discretion in its refusal to sever and to grant a new trial, *State v. Johnson*, 472 A.2d 1367, 1370 (Me.1984), the convictions must be affirmed.

The entry is:

Judgments affirmed.

All concurring.

---

be proved. *United States v. Trowery*, 542 F.2d 623, 627 (3d Cir.1976) (per curiam), *cert. denied*, 429 U.S. 1104, 97 S.Ct. 1132, 51 L.Ed.2d 555 (1977). Since the statement was not hearsay, its admission does not constitute error, much less obvious error.

3. M.R.Crim.P. 8(b) provides:

Two or more defendants may be charged in the same indictment, information or complaint if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

4. M.R.Crim.P. 8(d) provides:

If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information or complaint or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.