**STATE of Maine**

v.

**G. Michael DEERING.**

Supreme Judicial Court of Maine.

Argued June 19, 1992.
Decided July 14, 1992.

Jeffrey Silverstein (orally) and Timothy Wing, Asst. Dist. Attys., Bangor, for the State.

Perry O'Brian (orally), Bangor, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

The defendant, G. Michael Deering, appeals from the judgment of conviction entered in the Superior Court (Penobscot County, *Smith, J.*) on a jury verdict finding him guilty of trafficking in a scheduled drug, 17–A M.R.S.A. § 1103 (1983 & Supp. 1991).[1] For the first time by this appeal Deering challenges the admission of certain evidence in the course of the trial of the charge against him and the court's instructions to the jury, and contends that he was denied his sixth amendment right of compulsory process for obtaining witnesses in his favor. Deering also contends that the trial court erred in not allowing him to submit in evidence a tape recording and that the evidence is insufficient to support his conviction. We find no error in the record and affirm the judgment.

Deering elected to proceed *pro se* at the trial of this matter. The jury found him guilty of the charge after hearing, *inter alia*, the following evidence: On September 17, 1990, officers working for the Bureau of Intergovernmental Drug Enforcement (BIDE) equipped an informant with an electronic transmitter and sent him to the apartment of David Dunbar in Bangor for the purpose of making a controlled drug purchase. Dunbar was not at home, but his roommate led the informant to Deering's apartment where Dunbar was visiting. After preliminary negotiations with Deering, the informant gave Deering one hundred dollars for one gram of cocaine. Deering telephoned a supplier and left the apartment. Half an hour later, Deering returned to the apartment and delivered three quarters of a gram of cocaine to the informant with twenty dollars change. One of the BIDE officers located outside the apartment building at the time observed an unidentified person leave the apartment area on a motorcycle that was determined to be registered to Deering and return within approximately one-half hour.

■ Deering first contends he was denied a fair trial because his criminal history was revealed in an SBI report that was attached to the police report admitted in evidence as his Exhibit 2.[2] A defendant may not later complain about the effect of evidence he has introduced. *See State v. Glidden*, 489 A.2d 1108, 1110 (Me.1985) (fact of victim's pregnancy, despite *in limine* ruling of inadmissibility, was properly referred to by prosecutor in closing argument when defendant had introduced it himself); *State v. McDonough*, 350 A.2d 556, 562–63 (Me.1976) (defendant not permitted to complain that reference to witness's polygraph test on redirect by State was prejudicial when defendant elicited testimony about the polygraph test on cross-examination). We do not accord Deering any special consideration because of his *pro se* status. *State v. Dunn*, 480 A.2d 788, 790 (Me.1984); *State v. Gaudette*, 431 A.2d 31, 32 (Me.1981).

Although in this case the court had repeatedly cautioned Deering that the police report was highly prejudicial, Deering insisted that it be admitted in evidence. Because Deering had marked up his copy of the report, the court directed that a clean copy be made from one in the possession of a detective who was testifying for the State. The detective's copy, unlike Deering's, had a copy of the SBI report attached. Both reports were reproduced and at the insistence of Deering admitted in evidence. Deering does not contend that either the court or the prosecutor was aware that the SBI report was attached to the police report. Although Deering in his final argument to the jury made reference to his past criminal record, it is unclear from the record before us whether Deering was aware of the attached SBI report. Accordingly, on this record we cannot say

---

1. Section 1103 provides in relevant part:

    **1.** A person is guilty of unlawful trafficking in a scheduled drug if he intentionally or knowingly traffics in what he knows or believes to be any scheduled drug, and which is, in fact, a scheduled drug....

2. The SBI report was prepared by the State Bureau of Identification, an agency of the Maine State Police, and showed Deering's criminal convictions for the sale of LSD, assaults, and unauthorized use of property, as well as numerous other charges that had not resulted in convictions.

that admission in evidence of the police report deprived Deering of a fair trial. *See State v. True*, 438 A.2d 460, 468 (Me.1981) (when no objection at trial an alleged error will result in judgment being vacated only if so highly prejudicial that it virtually deprives the aggrieved party of a fair trial).

■ Deering contends that the procedure used in the out-of-court identification of him was impermissibly suggestive and that it taints the in-court identification. We have previously stated that "[a]s a general rule, we will not consider an issue on appeal unless it was raised in the trial court and the record on appeal is sufficient to allow an informed review of the questions involved." *State v. Goodine*, 587 A.2d 228, 229–30 (Me.1991); *State v. Desjardins*, 401 A.2d 165, 169 (Me.1979). In the instant case the informant identified Deering in court and testified that he had previously made an out-of-court identification based on four photographs of Deering shown to him by the BIDE officers for the purpose of determining if he could identify Dunbar's roommate. Had Deering objected to the testimony about the informant's out-of-court identification, it would have been Deering's burden to show by a preponderance of the evidence that the identification procedure used by the police was unnecessarily suggestive. *State v. Philbrick*, 551 A.2d 847, 849 (Me.1988). The burden would then have shifted "to the State to show by clear and convincing evidence that the corrupting influence of the unnecessarily suggestive procedure [was] outweighed by the reliability of the identification." *Id.* Here, the State never had an opportunity to demonstrate the reliability of the out-of-court identification, nor was the court called on to rule on this issue.

■ Deering next contends that the court erred in its instructions to the jury. First, he argues that the court should have instructed on the "procuring agent" defense. A party is not entitled to an instruction unless it states the law correctly.

*State v. Davis*, 483 A.2d 740, 745 (Me.1984); *State v. Reed*, 479 A.2d 1291, 1295 (Me. 1984). We have consistently held the "procuring agent" defense to be unavailable under Maine law when, as here, the jury could have found that the defendant acted on behalf of the seller of narcotics. *State v. Cote*, 444 A.2d 34, 37 (Me.1982); *State v. Mansir*, 440 A.2d 6, 7 (Me.1982); *State v. Allen*, 292 A.2d 167, 171–72 (Me.1972). Second, Deering argues that the court erred by failing to define the words "trafficking" and "consideration" when it instructed the jury that "the Criminal Code defines trafficking, at least for the purposes of this case, as to sell, to barter, trade, exchange, or otherwise furnish for consideration." We have previously stated that "trafficking" is adequately defined by the court's use of statutory language such as "to sell, barter, exchange" and that a jury can determine the meaning of "consideration" by common sense. *State v. Nason*, 549 A.2d 739, 740–41 (Me.1988); *see* 17–A M.R.S.A. § 1101(17).

■ Deering further contends that his sixth amendment[3] right was violated when one of his witnesses exercised his fifth amendment[4] right against self-incrimination and refused to testify. We have previously stated that "[t]o show a violation of his constitutional right, the defendant must demonstrate how the testimony would have been both material and favorable to his defense." *State v. Willoughby*, 507 A.2d 1060, 1068 (Me.1986). Deering attempted to query his witness about something that happened during a trip to Boston. The witness refused to answer Deering's questions pursuant to advice from his counsel. Deering made no offer of proof to show how the desired testimony was material and favorable to his defense, nor did he object to the court's refusal to compel the witness to testify.

The court allowed Deering to introduce in evidence the tape recording of the informant's conversation with him but denied

---

3. The amendment secures to a defendant in a criminal proceeding the right "to have compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI.

4. The amendment protects a person against being "compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.

the admission of a tape recording of a later conversation between the parties concerning a separate attempted drug transaction. There is nothing in this record establishing any relevance of the second tape to the charge against Deering, and the court properly so ruled.

Finally, Deering contends that the evidence is insufficient to support his conviction. The applicable standard is "whether, based on that evidence viewed in the light most favorable to the prosecution, any trier of fact rationally could find beyond a reasonable doubt every element of the offense charged." *State v. Barry,* 495 A.2d 825, 826 (Me.1985). Here, the jury had before it ample evidence that Deering negotiated terms for the sale of cocaine, procured three quarters of a gram of genuine cocaine, delivered it to the informant, and accepted payment. Based on this evidence the jury rationally could find beyond a reasonable doubt that Deering was guilty of trafficking in a scheduled drug. Because the evidence supports the jury's verdict and we find no error, much less obvious error, in this record, we affirm the judgment.

The entry is:

Judgment affirmed.

All concurring.