STATE of Maine

v.

Russell LUCE, Jr.

Supreme Judicial Court of Maine.

March 31, 1978.

James W. Gallagher (orally), Asst. Dist. Atty., Wiscasset, for plaintiff.

Therriault & Golin by Roger S. Golin, Bath (orally), for defendant.

Before McKUSICK, C. J., and POMER-OY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

The Defendant is appealing from a judgment of conviction for assault [1] entered on a jury verdict in Lincoln County Superior Court. The sole issue on this appeal is the sufficiency of the evidence to support the guilty finding. Specifically, the Defendant contends that the evidence does not reasonably support the inference that it was the Defendant who committed the assault.

We deny the appeal.

On May 18, 1977, a Lincoln County Deputy Sheriff stopped a motor vehicle in which the Defendant was a passenger on Route 1 in Waldoboro in order to execute an arrest warrant on the Defendant. Before this could be accomplished, however, the Defendant fled into the woods. A search was undertaken and over the next several hours, the Defendant was spotted several times, the last time headed in the general direction of his grandmother's residence, where he lived, which was a relatively short distance from where he was spotted.

A stake-out was commenced at his grandmother's house and shortly after dark the Defendant was seen entering the house. Two officers entered the house to search for the Defendant. When they reached the second floor, they heard a noise overhead and they observed an attic hole cover which was slightly ajar. When one of the deputies stood on a chair and removed the cover to look into the attic crawl space, he was greeted by a number of thrown objects including a pane of glass, several pieces of brick and a stick. The stick struck one of

1. 17–A M.R.S.A. § 207.

the officers, forming the basis for the instant assault charge.

Neither of the officers actually saw the Defendant throw the stick. When they called for him to come down, they recognized his voice as responding. Eventually, the Defendant did come down and no further noises were heard from the attic. However, the officers did not check to see if anyone else was in the crawl space.

■ Upon these facts, the Defendant contends that the evidence was not sufficient to exclude the possibility that it was someone else and not he who threw the stick down out of the attic. The Defendant concedes that the so-called negative exclusion doctrine is no longer viable as a jury instruction. *State v. Cowperthwaite,* Me., 354 A.2d 173, 179 (1976). However, he contends that the doctrine "should be, and in fact is, used by the reviewing Court" to determine the sufficiency of the evidence.

We disagree.

■ Our review is limited to a determination of whether, in view of all the evidence in the case, including reasonable inferences to be drawn therefrom, the jury was warranted in believing beyond a reasonable doubt that the accused was guilty. E.g. *State v. O'Clair,* Me., 292 A.2d 186, 196 (1972). The reasonable doubt incorporated in that standard is the fact finder's doubt and not that of an appellate court. *State v. Bonney,* Me., 351 A.2d 107, 110 (1976).

> If the evidence is such that reasonable jurymen must necessarily have such a doubt, the judge must require acquittal, because no other result is permissible within the fixed bounds of jury consideration. But if a reasonable mind might fairly have a reasonable doubt or might fairly not have one, the case is for the jury, and the decision is for the jurors to make. The law recognizes that the scope of a

reasonable mind is broad. . . . The judge's function is exhausted when he determines that the evidence does or does not permit the conclusion of guilt beyond a reasonable doubt within the fair operation of a reasonable mind. *Curley v. United States,* 81 U.S.App.D.C. 389, 392, 160 F.2d 229, 232 (1946) cert. den. 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 reh. den. 331 U.S. 869, 67 S.Ct. 1729, 91 L.Ed. 1872 (1947).

■ Judged by this standard, we conclude that the evidence[2] was sufficient to permit the jury to find that it was the Defendant and no one else who committed the assault.

The entry must be:

Appeal denied.

Judgment affirmed.

DELAHANTY, J., did not sit.

---

**2.** Among the logical premises which support the inference drawn by the jury are the following:

(1) The Defendant was in fact in the crawl space; (2) he was the only person who might have had reason to hide from the authorities; (3) household members and guests would not normally be found in an attic crawl space; (4) the noises stopped after the Defendant came down; and (5) the Defendant's grandmother, who had been in the house since before the Defendant's entry therein, called out at one point to "Junior" and to no one else to come out of the attic.