**STATE of Maine**

v.

**Clayton ANDERSON.**

Supreme Judicial Court of Maine.

Argued Sept. 5, 1980.

Decided July 23, 1981.

Before McKUSICK, C. J., and WER-NICK, GODFREY, NICHOLS, GLASS-MAN * and ROBERTS, JJ.

NICHOLS, Justice.

In a jury trial in Superior Court, York County, the Defendant, Clayton Anderson, was convicted both of arson, 17–A M.R.S.A. § 802(1)(A) (Supp.1979),[1] and of theft by unauthorized use of property, 17–A M.R. S.A. § 360(1)(A) (Supp.1979).[2] On appeal the Defendant argues that his convictions were against the weight of the evidence, that the *corpus delicti* of the crime of arson was not adequately proved, and that he was denied a fair trial by several of the trial justice's rulings.

We affirm the judgments of conviction.

The evidence adduced at trial revealed that at 11:26 p. m. on October 6, 1978, Saco police officers Maurice Lupien and Thomas Davis were dispatched to a boisterous party at a local residence, at which party the Defendant was present. Sometime before 12:02 a. m., while the officers were investigating the disturbance, the Defendant unlawfully drove off in their police cruiser, parked it in downtown Saco at a location within walking distance of the party, and returned to the scene of the party before the officers found that the cruiser was missing.

The Defendant then left the party in his van and drove to his place of employment, Subler Trucking, to obtain some brake fluid. Leaving there at about 12:20 a. m., he drove around town and got stuck in someone's yard, at a point approximately 1,200 feet from where he had earlier parked the police cruiser. A friend, Scott La-

G. Arthur Brennan, Dist. Atty., Gene Libby, Deputy Dist. Atty. (orally), Alfred, for plaintiff.

Robert M. York, Old Orchard Beach (orally), William P. Donahue, Biddeford, for defendant.

* Glassman, J., sat at oral argument and participated in the initial conference but died before the opinion was adopted.

1. Section 802(1)(A) provides in pertinent part:
   1. A person is guilty of arson if he starts, causes, or maintains a fire or explosion;
   A. On the property of another with the intent to damage or destroy property thereon;
   . . . .

2. Section 360(1)(A) provides in pertinent part:
   1. A person is guilty of theft if:
   A. Knowing that he does not have the consent of the owner, he takes, operates or exercises control over a vehicle, or, knowing that a vehicle has been so wrongfully obtained, he rides in such vehicle; . . . .

brecque, helped him pull his van out of the yard and park it on the street. The Defendant then departed in Labrecque's vehicle, a blue 1971 Mercury Marquis Brougham, for the vicinity of the cruiser.

At trial, Saco resident Larry Macumber testified to observing a suspicious looking vehicle, similar in style and color to the Labrecque vehicle, in the vicinity where the cruiser had been parked by the Defendant. Mr. Macumber observed this vehicle in that same area at three different times between 12:30 a. m. and 1:15 a. m.

One of the Defendant's co-employees testified to the Defendant's admission that he "took the cruiser, ducked down and parked it on a street" and then returned to the party. The Defendant further said he subsequently returned to the cruiser, smashed the cruiser's windows, set it afire, and returned "once or twice" to watch it burn. Corroborating testimony of another co-employee revealed the Defendant's confession that he "took the cruiser."

Pursuant to a city-wide police search, Officer Bradley Paul discovered the cruiser engulfed in flames at approximately 1:15 a. m. Two qualified expert fire investigators testified that an accelerant was used to start the fire, and Deputy Fire Chief Levasseur indicated that the fire was started shortly after one o'clock in the morning.

I

Relying primarily on inconsistencies and conflicts in the testimony, the Defendant contends that the evidence disclosed at trial was insufficient to support convictions of arson and of theft by unauthorized use of property. He argues for the application of the now out-moded and disapproved standard of review sometimes termed the "negative exclusion" doctrine. *See State v. LeClair*, Me., 425 A.2d 182, 184 (1981); *State v. Tomer*, Me., 304 A.2d 80, 85 n.6 (1973). It suffices to say that there is a single standard of review, applying alike to circumstantial and direct evidence. This case had both.

■ Our review of the evidence, whether direct or indirect, focuses upon ascertaining whether the jury was warranted in finding the Defendant guilty beyond ɑ reasonable doubt, in light of *all* the evidence, including reasonable inferences drawn therefrom. *State v. Luce*, Me., 384 A.2d 50, 52 (1978); *State v. O'Clair*, Me., 292 A.2d 186, 196 (1972). Upon such review we will not set aside a conviction unless " 'no rational trier of fact could [find] proof of guilt beyond a reasonable doubt.' " *State v. Lagasse*, Me., 410 A.2d 537, 542 (1980), *quoting Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560 (1979).

■ The Defendant argues that crucial alibi testimony, conflicting with the State's evidence, revealed that the Labrecque vehicle in which he rode during the early morning hours of October 7, 1978, was not the same vehicle observed by Mr. Macumber in the vicinity of the burning police cruiser. Inconsistencies in testimony, however, do not inherently make the evidence unreliable or insufficient to support a guilty verdict. *State v. Heald*, Me., 367 A.2d 1372, 1374 (1977). It is the task of the fact finders to resolve such inconsistencies and conflicts in the testimony of witnesses. We cannot substitute our judgment for those of the jurors in whose exclusive province it is to judge the credibility of witnesses and to determine the weight to be given inconsistent testimony. *State v. Doughty*, Me., 399 A.2d 1319, 1326 (1979); *State v. Miller*, Me., 252 A.2d 321, 326 (1969).

■ Our examination of the record in the instant case reveals ample evidence to support the judgments of conviction. We note particularly the Defendant's admissions to two of his co-employees. Essentially, the jury was confronted with a purely factual determination—whether to believe the State's witnesses or the alibi evidence presented by the Defendant. We cannot disturb the jury's rational conclusions which resolved this issue against the Defendant.

II

For the first time on appeal the Defendant asserts that the State did not sufficient-

ly prove the *corpus delicti* of the crime of arson. The Defendant's attack is based entirely upon the qualification and testimony of two expert fire investigators.

We note initially that there has never been a claim by the Defendant that his admissions were received into evidence prior to proof of the *corpus delicti.* The Defendant does contend, however, that the trial justice erred in admitting the expert opinions of Deputy Fire Chief Lavasseur and Fire Marshall Dolby. We disagree.

 The qualification of an expert is a preliminary question for the trial justice, whose ruling is to be reversed only upon a showing of abuse of discretion. *State v. Elwell*, Me., 380 A.2d 1016, 1019 (1977); M.R.Evid. 104(e) and 702. We find no abuse of that discretion here. The experience, training, and education of both fire investigators was sufficient for the trial court to find each of them qualified as an expert in the area of fire investigation.

The Defendant also challenges the form of the experts' testimony, arguing that their opinions were not admissible in evidence unless phrased with a particular degree of certainty. This is not the rule in Maine. The degree of certainty with which an expert testifies does not affect the admissibility of his opinion, but may affect the weight to be accorded his testimony. *State v. Woodbury*, Me., 403 A.2d 1166, 1170 (1979); *State v. Mitchell*, Me., 390 A.2d 495, 501 (1978).

We conclude that the expert opinions offered by the fire investigators and admitted into evidence constituted adequate proof of the *corpus delicti* of the crime of arson. Moreover, this evidence was sufficiently credible to create in the minds of the jurors " 'a really substantial belief' that [the Defendant] had committed the crime of arson." *State v. Sheehan, supra* at 254, *quoting, State v. Grant*, Me., 284 A.2d 674, 676 (1971).

III

We have reviewed the record in its entirety, and we find that none of the Defendant's other claims of error merit discussion.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.