**STATE of Maine**

v.

**Alton R. SMITH.**

Supreme Judicial Court of Maine.

Argued Jan. 11, 1983.

Decided Feb. 14, 1983.

Gene Libby, Dist. Atty., Michael E. Saucier, Asst. Dist. Atty. (orally), Alfred, for plaintiff.

Boone & Cantara, Michael P. Cantara (orally), Biddeford, for defendant.

Before McKUSICK, C.J., and GODFREY, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

VIOLETTE, Justice.

The State of Maine appeals from a judgment of acquittal entered by the presiding justice in Superior Court, York County, in favor of defendant Alton R. Smith notwithstanding a jury verdict finding Smith guilty of operating a motor vehicle while under the influence of drugs. 29 M.R.S.A. § 1312 (1978). We sustain the State's appeal and remand the case for reinstatement of the jury's guilty verdict.

At the close of all the evidence, Smith moved for a judgment of acquittal pursuant to M.R.Crim.P. 29(a). The presiding justice reserved his ruling and, after the jury returned a guilty verdict, he concluded that the evidence was insufficient to sustain the conviction. He therefore ordered the entry of judgment of acquittal.

On appeal, we must examine the jury verdict to determine whether, viewing the evidence as a whole from the standpoint most favorable to the State, a jury acting rationally could not avoid having a reasonable doubt as to the defendant's guilt. *State v. Anderson,* 434 A.2d 6, 8 (Me.1981); *State v. Howes,* 432 A.2d 419, 424 (Me.1981). Any issues as to witness credibility or the weight of testimony lie within the exclusive province of the jury. *State v. Crocker,* 435 A.2d 58, 77 (Me.1981).

The jury heard testimony that on the evening of May 28, 1981, Smith was seen driving erratically by a witness who also testified that he saw Smith stop his car and that when Smith emerged, he behaved as though he was drunk. The police officer who arrived at the scene testified that he found Smith slumped over his steering wheel. The officer helped Smith from the car and found that Smith had trouble standing up and walking and that Smith's pupils were widely dilated.

The police officer suspected that Smith was intoxicated, arrested him, took him to the police station, and ran an intoxilyzor breath test which revealed no trace of alcohol. The officer then asked Smith if he was under any medication. The officer testified that Smith "just said that he was taking pills"; Smith testified that he told the officer "[y]es, I do take medication."

The arresting officer testified that he next searched Smith's person and found a pill bottle with 70 Doradine tablets (containing glutethimide, a sedative prescribed as a sleep aid) and a plastic pill box containing three more Doradines and two Kyusd 354 tablets (containing flurazepan, an antidepressant). According to the undisputed testimony of the State's expert pharmacological witness, both drugs produce drowsiness when taken as prescribed, while glutethimide, in larger doses, produces effects similar to alcohol or barbiturates.[1]

Although Smith complied with the arresting officer's request for a urine sample, Smith spilled much of the collected portion. The remaining urine sample and a blood sample also taken were sent to a laboratory for drug screening tests but the samples were both of insufficient quantity to permit analysis.

The presiding justice concluded that the State had only shown "erratic behavior plus access to drugs." We disagree. The jury heard testimony that ingestion of the drugs in Smith's possession could result in behavior resembling drunkenness. The jury also heard testimony from two witnesses that Smith was behaving as though he was drunk. Finally, the jury could have concluded, after hearing testimony from both Smith and the arresting officer, that Smith told the officer that he was then taking drugs. From this evidence, the jury could rationally have concluded that Smith was guilty of operating a motor vehicle while under the influence of drugs.

The entry is:

Appeal sustained.

Judgment of acquittal notwithstanding the verdict reversed; case remanded for entry of judgment of conviction on the jury verdict.

All concur.

---

1. At no time has the defendant argued that these substances are not "drugs" within the scope of 29 M.R.S.A. § 1312.