**STATE of Maine**

v.

**Merrill R. CROSBY.**

Supreme Judicial Court of Maine.

Argued Jan. 7, 1983.

Decided Feb. 22, 1983.

the defendant as they waited for Otis to arrive. Moreover, the back seat of a state truck with a

Gene Libby, Dist. Atty., Michael Saucier, Asst. Dist. Atty. (orally), Alfred, for plaintiff.

Boone & Cantara, James P. Boone (orally), Biddeford, for defendant.

Before McKUSICK, C.J., NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

DUFRESNE, Active Retired Justice.

The defendant, Merrill R. Crosby, appeals his conviction of one count of Burglary (Class B), 17–A M.R.S.A. § 401, and one count of Theft by Unauthorized Taking (Class E), 17–A M.R.S.A. § 353, following a jury trial in Superior Court, York County. Crosby contends that the Superior Court erred in refusing to give a proposed jury instruction regarding the use of circumstantial evidence. He also claims that insufficient evidence was adduced at trial to support his conviction. We disagree.

The jury instruction refused by the presiding justice is but a positively-couched version of the "negative exclusion" instruction, so-called. It reads as follows:

Evidence in a criminal case may be either direct or circumstantial. Direct

flashing blue light is a less congenial setting than the defendant's living room in *Rawlings.*

evidence is testimony of a witness through one or more of his physical senses, such as sight or hearing, he perceived something which constitutes an element of the offense charged, and which, if believed, operates as proof of that element.

Circumstantial evidence, on the other hand, requires that you, the jury, not only believe the testimony of the witnesses, but also that you draw reasoned inferences from that testimony based on the common experiences of mankind, in order to achieve proof of an element of the offense charged.

*If, after analyzing all of the evidence in this case, the circumstances are susceptible of a reasonable hypothesis consistent with innocence, the defendant is entitled to that hypothesis, and a verdict accordingly.* (Emphasis provided).

Such instructions, with their great potential for confusing jurors as to the significance of circumstantial evidence, and for inferentially casting an unduly disparaging characterization of the probative value of such evidence, no longer meet with judicial approval in this State. They are valueless, because they wrongly suggest that proof by circumstantial evidence is subject to a different and more rigorous standard than is proof by direct evidence. *See State v. Le-Clair,* 425 A.2d 182, 184 (Me.1981); *State v. Cowperthwaite,* 354 A.2d 173, 179 (Me. 1976). In refusing to give this instruction the presiding justice "did not commit error but, indeed, avoided error." *State v. Little,*

343 A.2d 180, 185 (Me.1975); *State v. Pike,* 306 A.2d 145, 150 (Me.1973).

Although Crosby's conviction rests entirely on circumstantial evidence, such evidence is not inferior to direct evidence, and convictions thereon are no less conclusive. *State v. Coleman,* 452 A.2d 397, 400 (Me. 1982); *State v. Leclair,* 425 A.2d at 184; *State v. Doughty,* 399 A.2d 1319, 1326 (Me. 1979).

No purpose would be served by reciting in detail the evidence received in this case. On review of the record, focusing our attention upon all the evidence, direct and circumstantial, including all reasonable inferences which may be drawn therefrom, we are convinced that the jury was warranted in finding the defendant guilty as charged beyond a reasonable doubt. Jury convictions will not be set aside unless *no* rational trier of fact could find proof of guilt beyond a reasonable doubt. *State v. Anderson,* 434 A.2d 6, 8 (Me.1981).

The entry will be:

Appeal denied.

Judgment affirmed.

All concurring.