**STATE of Maine**

v.

**James REYNOLDS.**

Supreme Judicial Court of Maine.

Argued Nov. 21, 1983.
Decided Dec. 13, 1983.

---

David M. Cox, Dist. Atty., Margaret Kravchuk (orally), Gary F. Thorne, Asst. Dist. Attys., Bangor, for plaintiff.

Peter K. Baldacci, Bangor (orally), for defendant.

---

Before McKUSICK, C.J., NICHOLS, VIOLETTE, GLASSMAN and SCOLNIK, JJ., and DUFRESNE, A.R.J.

MEMORANDUM OF DECISION.

On March 22, 1983, after a two day jury trial, judgments of conviction were entered against defendant for operating a motor vehicle without a valid inspection sticker in violation of 29 M.R.S.A. § 2508(2) (Supp. 1982), and for eluding an officer in violation of 29 M.R.S.A. § 2501–A(3) (Supp.1982).[1] Although defendant has taken a timely appeal of both convictions, he has made it clear both in his brief on appeal and at oral argument that he is not pursuing his appeal of the inspection sticker conviction. Accordingly, we dismiss defendant's appeal of that conviction for want of prosecution. M.R.Crim.P. 37(e)(2).

In essence, defendant's challenge to his conviction for eluding an officer is based on the contention that there was insufficient evidence presented by the State upon which a rational jury could rest its guilty verdict. In reviewing defendant's challenge, we are required to view the evidence in a light most favorable to the prosecution. *State v. Smith,* 456 A.2d 1 (Me.1983). We may reverse the conviction only if we find that no rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Crosby,* 456 A.2d 369, 370 (Me.1983). No purpose would be served by reciting in detail the evidence presented by the State at trial. The record clearly reveals that the evidence put before the jury was legally sufficient to support the guilty verdict.

The entry must be:

As to CR–82–611, appeal dismissed.

As to CR–82–446, judgment affirmed.

All concurring.

1. Defendant's operating without a valid inspection sticker case was docketed as CR–82–611 in the Superior Court. Defendant's eluding an officer case was docketed as CR–82–446. The cases were tried together by order of court. M.R.Crim.P. 13.