STATE of Maine

v.

Timothy TAIT.

Supreme Judicial Court of Maine.

Argued Sept. 14, 1984.

Decided Nov. 9, 1984.

John R. Atwood, Dist. Atty., David M. Spencer (orally), Asst. Dist. Atty., Wiscasset, for plaintiff.

Fitzgerald, Donovan & Conley, Daniel R. Donovan (orally), Bath, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

Pursuant to 15 M.R.S.A. § 2115–A(2) (1983–1984) and M.R.Crim.P. 37B, the State appeals from a judgment of acquittal entered by the Superior Court, Lincoln County, notwithstanding a jury verdict finding

the defendant, Timothy Tait, guilty of a Class A robbery, 17–A M.R.S.A. § 651 (1983). We reverse the judgment of acquittal and remand to the Superior Court for reinstatement of the jury verdict.

The defendant was tried with co-defendant Anthony Zaccadelli, and many of the facts are set forth in *State v. Zaccadelli*, 472 A.2d 928 (Me.1984). The State established that about 10:00 a.m. on January 22, 1983, George McLain, the assistant manager of Sampson's Supermarket in Damariscotta, was robbed in the Sampson's parking lot. The jury also heard testimony that: Zaccadelli's car occupied by Zaccadelli and a male passenger was in the parking lot at 9:45 a.m.; at about 10:00 a.m. two people in dark ski masks were "sneaking" through the cars in the lot, threw something at McLain, ran to a car similar to Zaccadelli's and drove out of the lot; the defendant was in Damariscotta at 9:15 a.m.; his car was parked at Zaccadelli's residence at 10:45 a.m.; the defendant was seen with Zaccadelli in the defendant's car at 11:45 a.m. in Damariscotta; the defendant and Zaccadelli were at Eddie's Drive-In in Waldoboro at 12:15 p.m. and left the diner in the defendant's car; at 2:15 p.m., while the police were en route to Zaccadelli's residence, they passed the defendant in his car going in the opposite direction.

McLain was unable to identify his assailants. However, he described the one assailant he saw as wearing a blue-black ski mask, jeans, a faded corduroy jacket, and lace-up military boots or shoes. The defendant, when later seen with Zaccadelli, was wearing jeans, boots, and either a plaid shirt without a jacket, or a brown leather jacket.

The defendant was not present in the Zaccadelli residence when police gained access to a locked safe and found two blue-black ski masks, a gun similar to the one used in the robbery, and a bank deposit bag containing cash, with one bill bearing the thumbprint of Sampson's bookkeeper.

Michael P. Malone, Special Agent of the Federal Bureau of Investigation and expert witness on behalf of the State, examined hairs taken from the ski masks found at the Zaccadelli residence. He testified that each of the masks yielded three Caucasian head hairs matching sample hairs taken from Tait and that one of the masks carried three hairs matching samples from Zaccadelli. No other hairs appeared on the masks.

The defendant offered no evidence. His previous motions for acquittal, on the ground of insufficiency of the evidence, made at the conclusion of the State's evidence and the close of the evidence were denied. Within ten days after the return of the jury verdict of guilty, the defendant filed a motion for acquittal or new trial. M.R.Crim.P. 29(b). After taking the matter under advisement, the court entered a judgment of acquittal notwithstanding the verdict on the ground of the insufficiency of the evidence. The State appeals from that judgment.

On an appeal by the State from a judgment of acquittal notwithstanding the verdict, we "examine the jury verdict to determine whether, viewing the evidence as a whole from the standpoint most favorable to the State, a jury acting rationally could not avoid having a reasonable doubt as to the defendant's guilt." *State v. Smith*, 456 A.2d 1 (Me.1983). Issues of witness credibility or weight of testimony lie within the jury's exclusive province. *Id.* Generally, we owe no deference to the presiding justice's determination, but great deference to the findings of a properly instructed jury acting on competent evidence without suggestion of misconduct. *State v. Harrington*, 440 A.2d 1078, 1079 (Me.1982). The record here contains no suggestion of improper jury instructions or juror misconduct. That the defendant's conviction rests entirely on circumstantial evidence makes it no less conclusive. *State v. Crosby*, 456 A.2d 369, 370 (Me.1983). We have repeatedly stated there is a single standard of proof for all criminal convictions and the test is the same in the case of either circumstantial or direct evidence.

That test is "whether from all the evidence and from such reasonable inferences as may properly be drawn therefrom the guilt of a defendant has been proved beyond a reasonable doubt." *State v. Jackson,* 331 A.2d 361, 365 (Me.1975); *State v. LeClair,* 425 A.2d 182, 184 (Me.1981).

■ We have reviewed the record with care focusing our attention on all the circumstantial evidence, including all reasonable inferences which may be drawn therefrom. Any conflict in the evidence regarding the defendant's clothing and footwear must be resolved in favor of the State, and the jury could have concluded that the defendant and the robber seen by McLain were similarly clothed. The jury could have concluded from the evidence that McLain was robbed by two men wearing ski masks; that the defendant was in Damariscotta at 9:15 a.m. on the morning of the robbery; and that he was with Zaccadelli shortly after the robbery. The two ski masks, discovered together with a gun similar to that used in the robbery and identifiable money, found in the safe at the Zaccadelli residence could support the jury's conclusion that these were the ski masks worn by the two robbers. From the evidence of the head hairs found on the masks, the jury could conclude that the defendant was one of those robbers.

A jury conviction will not be set aside unless no trier of fact could rationally find proof of guilt beyond a reasonable doubt. *State v. Anderson,* 434 A.2d 6, 8 (Me.1981). Considering all the evidence from the standpoint most favorable to the State, we hold that the jury was warranted in finding the defendant guilty as charged beyond a reasonable doubt.

The entry is:

Judgment of acquittal notwithstanding the verdict vacated; remanded for entry of judgment of conviction on the jury verdict.

All concurring.