**STATE of Maine**

v.

**Luis REYNOSO.**

Supreme Judicial Court of Maine.

Argued Jan. 22, 1992.

Decided March 12, 1992.

Wayne S. Moss, Terrance J. Brennan (orally), Asst. Attys. Gen., Augusta, for state.

Allan Lobozzo (orally), Auburn, for defendant.

Before McKUSICK, C.J.,* and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Luis Reynoso appeals from a conviction, after a jury trial in the Superior Court (Androscoggin County, *Delahanty, C.J.*), for aggravated trafficking in a schedule W drug. The charges arose in October, 1990, when police observed Reynoso leaving an apartment where cocaine dealing had taken place. They stopped his car and found

* McKusick, C.J. sat at oral argument but retired    prior to the issuance of this opinion.

$1,570 in cash hidden on Reynoso and a several half-gram bags of cocaine hidden on his companion. In a search of the apartment, police found many more half-gram bags of cocaine and a shotgun. Due to the presence of the gun, Reynoso was charged with aggravated trafficking under 17–A M.R.S.A. § 1105(1)(C) (Supp.1991). After a two day trial, the jury returned a guilty verdict. Reynoso was sentenced to twenty years incarceration. We uphold his conviction, but remand for reconsideration of the sentence.

### I.

█ Reynoso contends that the trial court erred by permitting the State to admit into evidence a bill of sale showing that he had purchased the shotgun. Reynoso testified on his own behalf. After he had denied any association with the gun, the State produced, on cross examination, a bill of sale purportedly signed by Reynoso.[1] The State admits that it failed to disclose to Reynoso the existence of the bill of sale, violating the automatic discovery provisions of M.R.Crim.P. 16.

Ordinarily, the sanction to be imposed for a violation of the automatic discovery provisions of Rule 16 rests with the trial court's sound discretion. *State v. Landry*, 459 A.2d 175 (Me.1983). The sanctions which the court may impose for non-compliance range from a continuance to suppressing the evidence or dismissing the charges. M.R.Crim.P. 16(d). Reynoso's trial counsel failed to object to the bill's use or admission into evidence, however, so the decision to admit it can be reviewed only for obvious error. M.R.Evid. 103(d); M.R.Crim.P. 52(b); *State v. True*, 438 A.2d 460, 468 (Me.1981). Under this standard, "we will not set aside a conviction unless the error was so prejudicial, and had such a strong tendency to produce manifest injustice, that it deprived the defendant of a fair trial." *State v. Gaudette*, 431 A.2d 31, 33 (Me.1981).

Absent any objection by the defendant, nothing in the proffered bill of sale made obvious to the trial court the presently claimed discovery violation. Nor, in view of other evidence heard by the jury linking the defendant with the shotgun, can it be said that the admission into evidence of the bill of sale was so prejudicial to the defendant as to deprive him of a fair trial. *See State v. True*, 438 A.2d at 468.

### II.

█ Reynoso also contends that he was deprived of his constitutional right to effective assistance of counsel. He asserts that his counsel committed unprofessional errors by failing to object to the bill of sale and by pursuing a line of questioning that allowed a witness to disclose that Reynoso had been the subject of police investigation for over a year. A claim of ineffective assistance of counsel is usually reserved for post-conviction review. When raised on direct appeal, such a claim will not even be considered unless the record discloses, beyond the possibility of rational disagreement, that the defendant was inadequately represented. *State v. Mitchell*, 593 A.2d 1047, 1050 (Me.1991). Even then, the appellant must show that "but for counsel's unprofessional errors the result of the proceedings would have been different". *Id.*, quoting *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The record does not disclose, on its face, that Reynoso received inadequate representation.

### III.

Reynoso appeals his sentence as well. The State has acquiesced in his request for a reconsideration of the sentence in light of our recent decisions. Because Reynoso's sentence was imposed on February 8, 1991, the trial court did not have the guidance of our opinions in *State v. Lewis*, 590 A.2d 149

---

1. The bill of sale stated that Reynoso had purchased a shotgun from a Mr. Jackson. The serial number matched the gun found by police. Although the bill of sale contained a·signature purporting to be Reynoso's, the State did not authenticate the signature.

(Me.1991), and *State v. Clark*, 591 A.2d 462 (Me.1991), construing the recent increase in the maximum sentence for a Class A offense under 17–A M.R.S.A. § 1252(2)(A). Consequently, we remand for resentencing in light of the principles set forth in those cases.

The entry is:

Conviction affirmed. Sentence vacated. Remanded to the Superior Court for resentencing.

All concurring.