**STATE of Maine**

v.

**Joe GONZALES**

**and**

**Luis Reynoso.**

Supreme Judicial Court of Maine.

Argued Feb. 1, 1993.

Decided April 23, 1993.

Charles K. Leadbetter (orally), Asst. Atty. Gen., Augusta, for the State.

William Maselli (orally), Auburn, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

In this consolidated appeal from the judgments entered in the Superior Court (Androscoggin County, *Delahanty, C.J.*), Joe Gonzales and Luis Reynoso contend that in resentencing the defendants the court imposed the sentences in an illegal manner. We disagree and affirm the judgments.

As a result of a joint investigation by federal and state police authorities, Gonzales and Reynoso were arrested for aggravated trafficking in a Schedule W drug. Although the criminal charges against each of them could have been initiated in either the state or federal courts, the charges were prosecuted in the state court. Following a jury trial, Gonzales and Reynoso each appealed from the judgment entered on his conviction and, pursuant to 15 M.R.S.A. §§ 2151–2157 (Supp.1992), each appealed from the sentence imposed by the Superior Court. We affirmed the convictions but vacated the sentences imposed and remanded the cases to the Superior Court for resentencing. *See State v. Gonzales*, 604 A.2d 904 (Me.1992); *State v. Reynoso*, 604 A.2d 441 (Me.1992).

The defendants now contend that in the resentencing process the court did not adequately consider the likely sentence that would have been imposed for the same offense had the defendants been prosecuted in the federal court. They argue that by this claimed inadequacy of consideration the court violated the "clear instruction" contained in *Gonzales*. In support of their argument, they point specifically to our statement "[i]t is appropriate, however, that sentencing decisions·in Maine courts be informed by the likely sentence that would have been imposed for the same offense if prosecuted in the concurrent federal jurisdiction." *Gonzales*, 604 A.2d at 907.

Defendants place too much emphasis on the language in *Gonzales*. We did not suggest that the trial court was bound by the federal guidelines. Nor did we intimate that in a case involving a state provision for a mandatory minimum sentence that has no federal analogue, the trial court is required to match as closely as possible the likely federal sentence. The statute establishing sentence review charges us with the responsibility of "reducing manifest and unwarranted inequali-

ties among the sentences of comparable offenders" and developing "criteria for sentencing which are both rational and just." 15 M.R.S.A. § 2154. Achievement of these objectives is aided by comparative sentencing data that, particularly with respect to drug trafficking, does not yet exist in Maine or is difficult to obtain. The federal system, however, has extensive experience with drug offenses. The federal guidelines reflect that experience and constitute a convenient source of useful sentencing data for comparable offenders. Both this court and the trial court can consider the federal data and any available state data as a means of detecting any substantial disparity that is unrelated to legitimate criminological goals. *See* 17–A M.R.S.A. § 1151(5) (1983 & Supp.1992). Resort to the federal data has served its purpose in both of these cases. We vacated the original sentences, the trial court considered the data and resentenced the defendants. The sentence review panel denied applications for appeal from the new sentences. There is no illegality in this record that will afford defendants relief on a direct appeal from the new sentences.

The entry is:

Judgments affirmed.

All concurring.