**STATE of Maine**

**v.**

**Richard N. LaBARE.**

Supreme Judicial Court of Maine.

Argued Jan. 3, 1994.
Decided Feb. 15, 1994.

Geoffrey Rushlau, Dist. Atty., Leane Zainea (orally) Asst. Dist. Atty., Rockland, for plaintiff.

William S. Maddox (orally), Rockland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

COLLINS, Justice.

Richard N. LaBare appeals the judgments entered in the Superior Court (Knox County, *Perkins, J.*) following a jury trial, convicting him of eight counts: two counts of terrorizing with a dangerous weapon, 17–A M.R.S.A. § 210 (1983); three counts of assault, 17–A M.R.S.A. § 207 (1983); one count tampering with a victim, 17–A M.R.S.A. § 454 (Supp. 1993); one count for violation of a protection from abuse order, 15 M.R.S.A. § 321 (Supp. 1993); and one count for violation of condition of release, 15 M.R.S.A. § 1092 (Supp. 1993). We reject LaBare's contention that the trial court erred in not providing him with substitute counsel and a continuance after the trial had commenced and we affirm the judgments.

In November 1991 LaBare was arrested twice following incidents in which he assaulted his estranged girlfriend Susan Doyle. After he was indicted, LaBare's court-appointed defense attorney worked with him for several months preparing for trial. Trial began on May 13, 1992. The State presented Susan Doyle as its first witness. LaBare's attorney cross-examined her before court adjourned for the day. The next morning, LaBare's attorney informed the court that LaBare was requesting that she be replaced. LaBare told the court that he was unhappy with his attorney's representation because she had advised him to plead guilty. LaBare requested the court to appoint substitute counsel and grant a continuance. The court refused to appoint new counsel, but did allow LaBare to meet with another attorney for several hours. When that attorney was unable to take over LaBare's defense, the court gave LaBare the choice of proceeding with his court-appointed attorney of record, or going forward pro se, but with his attorney staying at his side in an advisory capacity. LaBare reluctantly agreed to the latter alternative.

LaBare conducted his own defense, with his standby attorney assisting at various points in the trial. The jury found LaBare guilty on eight of nine charges. LaBare was appointed new counsel to assist in his appeal.

I.

LaBare raises three points on appeal with regard to his representation. First, he argues that the trial court erred in not granting his request for substitute counsel and a three-day continuance. Second, he contends that his representation was inadequate. Third, he argues that he did not knowingly and intelligently waive his right to counsel.

As to the first point, we will reverse the trial court's decision to deny the defendant's request for a continuance to replace counsel only on a showing of clear abuse of discretion. *State v. Ayers,* 464 A.2d 963, 967 (Me.1983). We reject LaBare's contention that the trial court's directive that the trial proceed was "an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay.'" *Id.* (quoting *Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983)). The trial court explained to LaBare that it could not grant a continuance without a showing that his defense attorney had so failed in her responsibility to him that his interest would be jeopardized by her continued representation. LaBare could not make such a showing. In fact, the record reveals that up to the moment at which LaBare requested substitute counsel, his attorney had demonstrated her capability and willingness to assist him in his defense. *See State v. Winchenbach,* 501 A.2d 1282, 1285 (Me. 1985). Although it would have been better

for the trial court to have made a specific finding as to the adequacy of the representation afforded defendant, we cannot say that it was a clear abuse of discretion for the court to have denied LaBare's midtrial request for substitute counsel and a three-day continuance.

■ With regard to LaBare's second contention, that is, that he was denied effective assistance of counsel, such a claim is usually reserved for post-conviction review. "When raised on direct appeal, such a claim will not even be considered unless the record discloses, beyond the possibility of rational disagreement, that the defendant was inadequately represented." *State v. Reynoso,* 604 A.2d 441, 442 (Me.1992). LaBare argues that the court's order that his attorney serve in a standby capacity resulted in a "constructive denial" of the assistance of counsel, thereby prejudicing his defense. *See Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). We reject this argument. The trial court's insistence that LaBare's attorney continue to sit at the defense table and provide assistance when he needed it, which indeed she did at various points during the proceedings, was not denial of assistance. The court acted to protect LaBare's interest. It was his decision to proceed with his own defense. Moreover, LaBare is unable to show that but for "counsel's unprofessional errors," the result would have been different. *State v. Reynoso,* 604 A.2d at 442. Considering the strength of the State's evidence, which included several eyewitness accounts of both incidents, it is highly improbable that LaBare could have avoided conviction even had he not proceeded pro se.

■ Finally, we reject LaBare's contention that he did not knowingly and intelligently waive his right to counsel. We have held that a defendant in a criminal case must not only be made aware of the "dangers of self-representation," but must also demonstrate that he makes the decision to proceed without counsel "with eyes open." *State v. Walls,* 501 A.2d 803, 805 (Me.1985). We take the record in the light most favorable to the trial court's finding to determine whether the facts support a finding of a knowing and intelligent waiver. *Id.* Again we point out that it would have been better for purposes of appellate review for the trial court to have made explicit findings of a waiver. Taking into consideration the length of the colloquy that occurred between the court and LaBare, however, and the discussion of LaBare's rights that took place within the context of that colloquy, we do not find that it was clear error for the court to accept LaBare's decision to go forward without counsel. *See State v. Morrison,* 567 A.2d 1350, 1351 n. 2 (Me.1990).

### II.

■ We must also reject three other issues that LaBare raises on appeal. First, we disagree with LaBare's contention that the presence of officers "shadowing" him while he conducted his defense was prejudicial to his case. The court instructed the officers to move away, and there is nothing in the record to demonstrate that their presence posed a threat to LaBare's right to a fair trial. *See Holbrook v. Flynn,* 475 U.S. 560, 572, 106 S.Ct. 1340, 1347, 89 L.Ed.2d 525 (1986). *See also State v. Sumabat,* 566 A.2d 1081, 1084 (Me.1989). Second, we reject LaBare's contention that there was insufficient evidence to convict him of tampering with a victim. Viewing the evidence in a light most favorable to the State, there is evidence in the record, including the victim's testimony, that would support the jury's finding that the State proved the elements of the tampering with a victim charge, 17–A M.R.S.A. § 454 (Supp.1993), beyond a reasonable doubt. *State v. Barry,* 495 A.2d 825, 826 (Me.1985). Finally, we reject as unfounded LaBare's argument that the trial court erred in not examining the State's alleged failure to inform him of an officer's planned testimony regarding an admission.

The entry is:

Judgments affirmed.

All concurring.