STATE of Maine

v.

David BENNER.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 3, 1995.

Decided Feb. 10, 1995.

436 ■

Michael Povich, Dist. Atty., Patricia A. Mador, Asst. Dist. Atty., Machias, for the State.

Jeffrey C. Toothaker, Toothaker & Chong, Ellsworth, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

David Benner appeals from a conviction for assault, 17–A M.R.S.A. § 207 (1983 & Supp.1994),[1] following a jury trial in Superior Court (Washington County, *Mills, J.*). On appeal Benner contends, *inter alia,* that the trial court erred in giving a cautionary instruction on how the jury should consider the hearsay testimony of the investigating state trooper, and that there was insufficient evidence to support the jury's verdict. Finding no error, we affirm the conviction.

The evidence at trial revealed the following. The victim testified that Benner is her

boyfriend, and at the time of the alleged assault, she was living with him. On the night of September 11, 1993, she was home alone with Benner; they were arguing and she wanted him out of the house. The victim stated that she called the state police and complained that Benner had hit her. She also testified that she told the investigating trooper that Benner had struck her on the hand with either an ax handle or a broom stick. She testified that she had said that Benner had hit her only because she wanted him out of her house and not because he had actually hit her. She further testified that the injury to the back of her hand occurred because she was drunk and had fallen.

State Trooper Raymond Bessette testified that while on patrol on the night of September 11, 1993, he received a call from the dispatcher that the victim called to complain that Benner had struck her. When Bessette arrived at the home, he observed the victim to be visibly distraught, scared, and quite nervous, and that she had an injury to the back of her hand. She also had watery eyes. He did not, however, observe her to be under the influence.

In order to impeach her credibility, and without objection by the defendant,[2] Bessette further testified as to what the victim had told him that night. Before Bessette did so, however, Benner requested the jury be instructed that the statements "can be used for impeachment value, but not as substantive evidence." The court cautioned the jury as follows:

[T]he Trooper is now going to testify about statements that were made to him by [the victim], and that testimony is offered to impeach her testimony, the statements that she has testified about. It is not offered for the truth of the matter asserted.

The defendant did not object to the instruction. The jury returned a verdict of guilty, and the court accordingly entered a judgment of conviction.

1. 17–A M.R.S.A. § 207(1) (1983) provides that "[a] person is guilty of assault if he intentionally, knowingly, or recklessly causes bodily injury or offensive physical contact to another."

2. Benner did not argue for the exclusion of the statements because the probative value of Bessette's testimony as to the victim's statements was substantially outweighed by the danger of unfair prejudice. *See* M.R.Evid. 403.

## I.

 Benner contends that the trial court's cautionary instruction to the jury prior to Trooper Bessette's testimony was inadequate. Although he concedes that the court's instruction is a correct statement of the law, and that he failed to object, he avers that the trial court committed reversible error by failing to give a full explanation of the instructions. We disagree.

 Because Benner did not object to the instruction when it was given, we review the charge only for obvious error affecting his substantial rights. *State v. McCluskie,* 611 A.2d 975, 978 (Me.1992); *see* M.R.Crim.P. 30(b). Giving an instruction that is a correct statement of the law does not rise to the level of obvious error. Jurors are presumed to understand the instruction. *See State v. Naoum,* 548 A.2d 120, 123 (Me.1988). While it would have been more helpful for the trial court to have given a more detailed instruction on the limited purposes for which the hearsay testimony was admitted, *see* D. Alexander, *Maine Jury Instruction Manual* § 6–24 (2d ed. 1990), the cautionary instruction actually given was not obvious error.

## II.

 Benner further contends that the evidence presented at trial was insufficient to support a judgment of conviction. The standard to determine if evidence at trial was sufficient to support the jury's verdict is "whether, based on that evidence viewed in the light most favorable to the prosecution, any trier of fact rationally could find beyond a reasonable doubt every element of the offense charged." *State v. Barry,* 495 A.2d 825, 826 (Me.1985).

The affirmative evidence supporting a guilty verdict includes the following. The victim was home alone with Benner; the two were having an argument; the victim made a complaint; when the trooper arrived, the victim was distraught, scared, and nervous; the trooper observed the back of the victim's hand to be swollen; Benner was intoxicated; the trooper testified that the victim was sober.

Although the victim testified at the trial that Benner had not hit her and that she sustained her injuries while drunk by falling into a wall, her testimony was substantially impeached by her own testimony[3] and that of Trooper Bessette. It was reasonable for the jury to disregard her denials. As we have previously stated, "the weight of the evidence and the determination of witness credibility are the exclusive province of the jury." *State v. Glover,* 594 A.2d 1086, 1088 (Me.1991). Therefore, her testimony alone does not mandate a conclusion that the evidence was insufficient.

 Although the conviction in this case was based substantially on circumstantial evidence, a conviction may be grounded on such evidence. *State v. Ingalls,* 544 A.2d 1272, 1276 (Me.1988). Indeed, a conviction based solely on circumstantial evidence is not for that reason less conclusive. *State v. LeClair,* 425 A.2d 182, 184 (Me.1981). The factfinder is allowed to draw all reasonable inferences from the circumstantial evidence. *State v. Crosby,* 456 A.2d 369, 370 (Me.1983). Viewing the evidence in the light most favorable to the State, the jury could have rationally inferred that Benner had assaulted the victim.[4]

The entry is:

Judgment affirmed.

All concurring.

---

3. The victim's trial testimony that she told police that Benner hit her was hearsay. It normally would not be admissible for the truth of the matter asserted, but would be admissible to impeach the victim's trial testimony that Benner did not strike her. M.R.Evid. 801, 802. In this case, however, because there was no objection to the victim's statement that she told the police that Benner had hit her, there was no instruction that the testimony could be considered for im-peachment only. It is not wholly unreliable and its admission was not obvious error.

4. Benner also contends that the court's instruction on the elements of assault constituted error. Our review of the instruction, to which Benner did not object, reveals no error. *See State v. Griffin,* 459 A.2d 1086, 1091–92 (Me.1983); 17–A M.R.S.A. § 2(5) (1983).