**STATE of Maine**

v.

**Donald E. WELLS.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 30, 1995.
Decided May 11, 1995.

Michael E. Povich, Dist. Atty., Patricia A. Mador, Asst. Dist. Atty., Ellsworth, for the State.

William C. Reiff, Mount Desert, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

PER CURIAM.

Donald Wells appeals from the judgments entered in the Superior Court (Hancock County, *Mills, J.*) following jury verdicts finding him guilty of two counts of arson in violation of 17–A M.R.S.A. § 802(1) (1983 & Supp.1994)[1] and one count of burglary in violation of 17–A M.R.S.A. § 401(1) (1983).[2] On appeal, Wells contends that the State's improper closing summation deprived him of a fair trial, that there is insufficient evidence to support his convictions, and that his trial attorney was ineffective. Finding no error in the record, we affirm the judgments.

The record discloses that the following evidence was submitted to the jury: At approximately 12:10 a.m. on the morning of May 9, 1992, there was a fire at the Bar Harbor Laundry. The fire completely destroyed the laundry and caused damage to the building adjacent to it. Assisted by a dog trained in hydrocarbon accelerant detection, James Ellis, an investigator from the state fire marshall's office, inspected the crime scene three and one-half days after the fire, saw no indication that a propane leak had caused an explosion, and concluded that the fire was caused by intentional human conduct. Three samples from the fire were given by Ellis to Dr. James Young, a forensic chemist, for testing. All of the samples contained hydrocarbons and two contained lighter fluid.

Lewis Romer, a propane gas expert, inspected the premises and found that two of the propane lines at the laundry were unhooked manually with the aid of one or two wrenches. In his opinion the propane gas did not cause the fire but had probably fueled it. Wells had been an employee at the laundry but was not rehired for the 1992 season. He did not have permission to be in the laundry when the business was closed. By reason of his previous employment, Wells knew where the open end wrenches, a socket set, hammers, screwdrivers, and an adjustable wrench were kept in the laundry.

When seen in downtown Bar Harbor shortly after 11:15 p.m. on May 8, 1992, Wells was staggering and appeared to be intoxicated. Wells was also seen at approximately midnight on that date leaving the laundry at which time there was an orange glow that looked like fire in the windows of the laundry.

Wells was upset that his ex-girlfriend, an employee of the laundry and the manager's granddaughter, had married another man a week before the fire and he had stated that she would "pay" for rejecting him and that her grandmother would "pay" for not rehiring him.

■ In the first instance, because of the numerous discrepancies between Wells's recitation in his brief as to the contents of the record and the record in this case, we deem it necessary to reemphasize the requirement that there be an accurate recitation of the record when it is referred to in briefs filed with this Court. *See* M.Bar R. 3.7(b) ("[a] lawyer shall not knowingly make a false statement"); M.Bar R. 3.7(e)(1)(i) ("a lawyer shall employ ... such means only as are consistent with truth, and shall not seek to mislead the judge, jury, or tribunal by any artifice or false statement of fact or law").

Contrary to Wells's first contention, our review of the record discloses no error, much less obvious error, in the State's closing summation to the jury. M.R.Crim.P. 52(b) ("Obvious errors or defects affecting substantial

1. Wells was charged and convicted of one count of arson in violation of section 802(1)(A) and one count of arson in violation of section 802(1)(B)(2) (reckless endangerment arson). 17–A M.R.S.A. § 802 (1983 & Supp.1994) provides in pertinent part:

   1. A person is guilty of arson if he starts, causes, or maintains a fire or explosion;
    A. On the property of another with the intent to damage or destroy property thereon; or

    B. On his own property or the property of another
    . . . .
    (2) which recklessly endangers any person or the property of another.

2. 17–A M.R.S.A. § 401(1) (1983) provides:

   A person is guilty of burglary if he enters or surreptitiously remains in a structure, knowing that he is not licensed or privileged to do so, with the intent to commit a crime therein.

rights may be noticed although they were not brought to the attention of the court.").

■ Nor do we find merit in Wells's contention that the evidence was insufficient to support the jury's verdicts. The standard to determine if the evidence presented was sufficient to support the jury's verdicts is "whether, based on that evidence viewed in the light most favorable to the prosecution, any trier of fact rationally could find beyond a reasonable doubt every element of the offense charged." *State v. Barry*, 495 A.2d 825, 826 (Me.1985). The factfinder may also draw all reasonable inferences from the evidence. *State v. Benner*, 654 A.2d 435, 437 (Me.1995). Viewing the evidence in the light most favorable to the State and drawing all reasonable inferences therefrom, we conclude there was sufficient evidence to sustain each of the convictions.

■ Wells finally contends that he was deprived of his constitutional right to effective assistance of counsel. We have repeatedly stated that this claim is usually reserved for post-conviction review. *State v. LaBare*, 637 A.2d 854, 856 (Me.1994); *State v. Reynoso*, 604 A.2d 441, 442 (Me.1992). " 'When raised on direct appeal, such a claim will not even be considered unless the record discloses, beyond the possibility of rational disagreement, that the defendant was inadequately represented.' " *LaBare*, 637 A.2d at 856 (quoting *Reynoso*, 604 A.2d at 442). "Even then, the appellant must show that but for counsel's unprofessional errors the result of the proceedings would have been different." *State v. Uffelman*, 626 A.2d 340, 342 (Me.1993) (citations omitted). The record in this case does not disclose on its face, beyond the possibility of rational disagreement, that the defendant was inadequately represented.

The entry is:

Judgments affirmed.

All concurring.