**STATE of Maine**

v.

**George R. JORDAN, Jr.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 2, 1995.
Decided June 1, 1995.

Julia Sheridan, Asst. Dist. Atty., Portland, for the State.

George R. Jordan, Jr., Portland, defendant pro se.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

GLASSMAN, Justice.

George R. Jordan, Jr. appeals from the judgments of conviction entered in the Superior Court (Cumberland County, *Crowley, J.*) following jury verdicts finding him guilty of six counts of violating a permanent order for protection from abuse, 19 M.R.S.A. § 769 (1981 & Supp.1994) (Class D); one count of filing a false public report, 17–A M.R.S.A. § 509 (1983) (Class D); and one count of violating a condition of release, 15 M.R.S.A. § 1092 (Supp.1994) (Class E). Jordan does not challenge the sufficiency of the evidence to support the convictions. Rather, he contends, *inter alia*, that (1) adverse pretrial publicity deprived him of a fair trial; (2) the State made impermissible inflammatory remarks during its opening and closing statements; (3) there is new evidence warranting a new trial; (4) he received ineffective assis-

tance of counsel; and (5) the sentences imposed by the court were excessive.[1] Because the trial court exceeded its statutory authority when sentencing Jordan for the Class E offense, we modify that sentence, and, as modified, we affirm the judgments.

After the jury returned guilty verdicts, the trial court imposed concurrent sentences of 364 days for each of the six convictions for violating the protection from abuse order; a consecutive sentence of 364 days, all suspended, and one year of probation for filing a false public report; and a 364-day sentence for violating a condition of release to run concurrent with the sentence imposed on the charge of filing a false report but consecutive to the sentences imposed for violations of the protection from abuse order.

## I.

We find no merit in Jordan's contentions, raised for the first time by this appeal, that adverse pretrial publicity deprived him of receiving a fair trial, that the State's opening and closing statements were impermissibly inflammatory, and that new evidence exists requiring a new trial.

■ " 'As a general rule, we will not consider an issue on appeal unless it was raised in the trial court and the record on appeal is sufficient to allow an informed review of the questions involved.' " *State v. Deering,* 611 A.2d 972, 974 (Me.1992) (quoting *State v. Goodine,* 587 A.2d 228, 229–30 (Me.1991)). Because Jordan did not provide a record of the pretrial publicity, it is impossible for us to review this claim or to gauge the impact, if any, on the jury. *See State v. Cooper,* 617 A.2d 1011, 1014 (Me.1992) (by failing to provide a record of exhibits and transcript of hearing on motion for change of venue due to pretrial publicity, defendant failed to demonstrate abuse of discretion or constitutional violation in trial court's denial of motion); *State v. Addington,* 518 A.2d 449, 451 (Me.1986) (we require record of publicity to review trial court's denial of defendant's motion for change of venue due to adverse publicity); *State v. Johnson,* 479 A.2d 1284, 1286 (Me.1984) ("Any argument that defen-

dant may have that the publicity in this case was so prejudicial as to render a fair trial within Cumberland County an impossibility is defeated by defendant's failure to make a record of any pretrial publicity.").

■ Jordan contends that the State's use of the word "stalking" in its opening and closing statements when referring to Jordan's conduct toward his wife after she had obtained a permanent protection from abuse order was so highly inflammatory as to deprive him of a fair trial. Contrary to this contention, our review of the record discloses no error, much less obvious error, in the State's opening and closing statements. *See State v. Comer,* 644 A.2d 7, 9 (Me.1994) (we review for obvious error when defendant fails to object at trial); M.R.Crim.P. 52(b) ("Obvious errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").

■ As to his final contention, Jordan failed to bring his claim of newly discovered evidence before the Superior Court by a motion for a new trial pursuant to M.R.Crim.P. 33. Accordingly, we are without an adequate record to review this contention.

## II.

■ Jordan next contends that he received ineffective assistance of counsel. We have repeatedly stated that such claims are better suited for post-conviction review. *State v. Wells,* 658 A.2d 654, 656 (Me.1995); *State v. LaBare,* 637 A.2d 854, 856 (Me.1994); *State v. Reynoso,* 604 A.2d 441, 442 (Me.1992). When a claim for ineffective assistance of counsel is raised on direct appeal, we will not consider the claim unless the record reveals, beyond the possibility for rational disagreement, that the defendant received inadequate representation. *Wells,* 658 A.2d at 656 (citations omitted). Even then, the defendant must still demonstrate that but for his attorney's unprofessional errors the result of the trial would have been different. *Id.* Because the record in this case does not disclose beyond the possibility of rational

---

1. After review, we conclude that Jordan's further contentions need not be addressed.

852

disagreement either that Jordan was inadequately represented or, but for the claimed errors, the outcome of the trial would have been different, we do not address this issue.

### III.

██ Finally, Jordan challenges the excessiveness of his sentences. "[W]e will not consider the propriety of [a] sentence on direct appeal 'unless a jurisdictional infirmity appears on the record so plainly as to preclude rational disagreement as to its existence.'" *State v. Cyr,* 611 A.2d 64, 66 (Me. 1992) (quoting *State v. Parker,* 372 A.2d 570, 572 (Me.1977)). We, therefore, limit our review of Jordan's contentions concerning the sentences imposed by the trial court.

Here, the trial court imposed a sentence of 364 days for Jordan's violation of a condition of release, 15 M.R.S.A. § 1092 (Class E). This is facially improper because the trial court may not sentence a defendant to more than six months for a Class E offense. 17–A M.R.S.A. § 1252(2)(E) (1983). We, therefore, modify the sentence on this count to six months. As modified, we affirm the judgments of conviction.

The entry is:

Judgment modified to provide that the sentence for violating a condition of release is six months. As modified, the judgments are affirmed.

All concurring.