**STATE of Maine**

v.

**Stephen H. EMERSON.**

Supreme Judicial Court of Maine.

Argued April 1, 1996.

Decided May 7, 1996.

⊘88

Michael P. Cantara, District Attorney, David Gregory (orally), Alfred, for State.

John W. Chapman (orally), Kelly & Chapman, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

WATHEN, Chief Justice.

The State appeals from the judgment of the Superior Court (York County, *Bradford, J.*) vacating the Class E criminal trespass conviction[1] entered in the District Court (Biddeford, *Gaulin, J.*). On appeal the State argues that evidence of defendant's physical presence on the land is sufficient to support the conviction. Alternatively, the State argues that if the evidence of defendant's physical entry is deemed insufficient, then "entry" for purposes of the criminal trespass statute may be satisfied nonetheless by the undisputed evidence that defendant shot a bullet on to the posted land. We conclude that the record contains sufficient evidence of a physical entry and we vacate the judgment of the Superior Court.

The facts presented at the trial may be summarized as follows. In November 1994, game wardens acting with the permission of

---

**1.** The applicable statute provides in pertinent part:
1. A person is guilty of criminal trespass if, knowing that that person is not licensed or privileged to do so, that person:
C. Enters any place from which that person may lawfully be excluded and that is posted in a manner prescribed by law or in a manner reasonably likely to come to the attention of intruders or that is fenced or otherwise enclosed in a manner designed to exclude intruders;

17–A M.R.S.A. § 402 (Supp.1994).

Maralyn Young, a landowner, placed an artificial deer as a decoy on her field on the west side of Limerick Road in Arundel. The land had been posted with "no hunting" and "no trespassing" signs for a number of years. The wardens testified that they chose the location because the signs clearly alerted passers-by that the land was privately owned and that the owner did not allow hunting.

Defendant lives on the same road as Young. She had personally informed him that he could not hunt on her land. Some time after the wardens erected the decoy, they saw defendant's truck parked on Limerick Road in front of two "no hunting," "no trespassing" signs. They also noticed an opening in the trees near his truck and other signs that were posted in the vicinity.

Defendant testified that he entered the opening and walked up to a fence post four or five feet beyond the tree line and some of the signs. A "no trespassing" sign directly in front of him had fallen from the post and was lying face up on the nearby ground. Remaining on the road side of the fence post, defendant shot at and hit the decoy three times. His spent bullet casings were found on the ground a foot in front of the post and a little over twenty-eight feet from the center of the roadway. The wardens arrived just after he fired his gun and was returning to the roadway.

A trial was held and the District Court entered a judgment of conviction on criminal trespass. Defendant was sentenced to pay a fine of $100 and $20 in surcharges. Defendant appealed to the Superior Court arguing that the State had not proved a physical entry.

The Superior Court vacated the judgment on the basis that "without being able to place the defendant at least past the post, the State's evidence is insufficient to prove that the defendant entered a posted place.... [S]ection 402 cannot be read to criminalize the act of, without actually entering the land, causing an object to go on the posted land of another." The State now appeals.

■ When the Superior Court acts as an intermediate appellate court, we review the decision of the trial court directly.

*Noyes v. Noyes,* 617 A.2d 1036, 1037 (Me. 1992). In examining the sufficiency of the evidence, we view the evidence in the light most favorable to the State to determine whether the trier of fact rationally could have found beyond a reasonable doubt every element of the offense charged. *State v. Tempesta,* 617 A.2d 566, 567 (Me.1992); *State v. Barry,* 495 A.2d 825, 826 (Me.1985).

■ The State contends on appeal that the presence of the spent shell casings and defendant's testimony that he went up to the fence post on the land is sufficient to establish that he physically entered the land owned by Maralyn Young. The evidence with respect to the boundary of the Young property is derived from testimony concerning the outer boundary of the Limerick Road. The public way, as distinguished from the paved road, measures three rods and is owned by the Town of Arundel. The boundary between the private land and the town's road is thus 24 feet, 9 inches from the center of the public way. Although there was no direct evidence as to the correlation between the center of the paved road and the public way, it was permissible for the trial court to infer that any deviation was less than four feet.

Defendant's three spent casings, lying outside the fence post, were no closer than 29 feet, 1 inch from the center of the road, or 4 feet, 4 inches inside the presumed boundary of the Young land. The State correctly contends that the court was entitled to consider circumstantial evidence and to draw all reasonable inferences from the circumstantial evidence. *State v. Benner,* 654 A.2d 435, 437 (Me.1995); *State v. Boyer,* 392 A.2d 41, 42 (Me.1978). Having determined the appropriate boundary of the property, the trial court found a physical entry from defendant's testimony and the presence of the casings on the ground.

■ Defendant asks us to ignore the actual boundary of the property and create a close by drawing a precise line from one "no trespassing" sign to another. Such an exercise would produce a meandering line running along the edge of the gravel shoulder of the road at the tree line, and then extending

a number of feet out into the open field to the fence post marking the presumed location of the sign closest to his position. The statute requires only an entry into a place that is posted "in a manner reasonably likely to come to the attention of intruders or that is fenced or otherwise enclosed in a manner designed to exclude intruders." 17–A M.R.S.A. § 402. Given the location of all the signs in the area and the physical characteristics of the road and land, the trial court was warranted in concluding that reasonable persons would know that they were excluded from the area that defendant entered.

Because the judgment is sustainable on the basis of a physical entry, we have no occasion to consider whether one may enter land by shooting a bullet across the boundary.

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to enter judgment affirming the judgment of the District Court.